ELLEN KLAMP, APPELLEE, v. CHARLES KLAMP,
APPELLANT.

FILED JUNE 21, 1899.   No. 10224.

1. **Res Judicata.** In *Klamp v. Klamp*, 51 Neb. 17, it was determined that Ellen Klamp owned in her own right the property in controversy herein. Upon that question said decision is conclusive upon the parties and their privies.

2. **Homestead:** HUSBAND AND WIFE. Under section 2, chapter 36, Compiled Statutes, a husband cannot acquire a homestead in the separate property of the wife except with her consent.

3. ———: ———: DIVORCE. The right of a husband to select a homestead in the separate property of the wife is a merely inchoate right, which becomes completely divested on the granting to her of a decree of divorce.

4. ———: ———. While by chapter 36, Compiled Statutes, the husband is described as the head of the family, or the person who may take the necessary steps to protect the homestead from forced sale, he is not thereby given the exclusive dominion over the homestead or the right to the proceeds and profits derived therefrom, when the property is the separate property of the wife.

APPEAL from the district court of Lancaster county. Heard below before CORNISH, J. *Affirmed.*

*Lamb & Adams*, for appellant.

*Sawyer & Snell*, contra.

NORVAL, J.

This case is the aftermath of *Klamp v. Klamp*, reported in 51 Neb. 17. That action was instituted by appellant in this case, Charles Klamp, for the purpose of compelling a reconveyance to him by appellee, Ellen Klamp, of certain lands situate in Lancaster and Seward counties, this state, the title to which appellant claimed she held for him in trust. That case was decided against him, and it was further determined therein that said appellee owned said property in her separate right, but that ap-

pellant had a right of homestead in part thereof, by reason of the two having lived upon the same and made it their home for several years. Of the two causes brought before this court for consideration,—for there are two cases consolidated by stipulation of the parties, the same questions of law applying to both,—one was instituted by appellee Ellen Klamp for the purpose of securing a divorce from appellant, on the ground of adultery. A decree of divorce on that ground was duly entered in the lower court, and we must assume that it was right and just, for no appeal is taken from that part of the judgment. The other case was instituted by appellant against appellees Ellen Klamp and William Southam for the purpose of compelling an accounting for the proceeds of this homestead, over which he claims, as head of the family, to have the exclusive dominion and control, although the same is the separate property of appellee Ellen Klamp, as will be hereafter shown, which proceeds he claims said appellees have converted to their own use and benefit. It is unnecessary to give a detailed statement of the issues involved in this case, as the facts are identical with those in *Klamp v. Klamp*, 51 Neb. 17, the parties, except Southam, being the same, and it is agreed that if the action between appellant and appellee is decided adversely to either of the parties, the other case should follow the same course. To the action for divorce appellant set up an answer and cross-petition, in which he claims, among other things, that he has a right of homestead in the property in Lancaster county, by reason of having lived thereon with appellee Ellen Klamp, and also has a further interest therein by reason of labor bestowed thereon by way of improving and cultivating the same, and moneys of his own invested therein; that as a matter of fact said Ellen Klamp holds the title thereto in trust for him, he being the real owner thereof, and he claims further that said Ellen Klamp has, against his will, exercised the control and supervision over the same without his will and consent, and for a number of years has received and con-

verted to her own use a large part of the proceeds thereof; that she refuses to recognize his right of homestead therein, or any right which he may assert therein, but claims it as her individual and separate property, and wholly excludes him therefrom; and he asks a dismissal of appellee's petition, that he be granted a divorce (founded on allegations of cruelty and abandonment), that he may recover his homestead right in the premises, and that he may recover from appellee Ellen Klamp the rents and profits collected by her and withheld from him since 1893, that being the date on which he left or was excluded from the premises. There was also a general prayer for relief. In her reply to appellant's cross-petition appellee Ellen Klamp avers, among other things, that appellant abandoned the homestead, if any rights he had therein, in 1893, and further sets up the judgment in the former case of *Klamp v. Klamp* as a bar to his cause of action set up in said cross-petition. The lower court found against appellant upon all the issues in both cases, from which judgment and decree he has appealed, except, as before stated, he does not contest that part of the decree which grants her a divorce. No bill of exceptions is preserved, the case having been, on stipulation of parties, submitted on the findings of the court below, and on a printed abstract, as provided by the rules of this court.

Counsel for appellant, in a very able brief, argue strenuously and forcibly that the questions involved in appellant's cross-petition were not involved or adjudicated in the former case, and that it was not therein decided that the property in controversy was the separate property of appellee. To this argument we cannot assent. We are of opinion that both the right to a reconveyance of the title and the status of the title itself were in issue in that case, and that both questions were clearly decided in favor of appellee Ellen Klamp. Without quoting from the pleadings in that case, which amply sustain the language of the court, we call attention to a part of the decision, written by HARRISON, J. (51 Neb. 22): "The

evidence in the case at bar was not only not satisfactory and conclusive in establishing such a trust in favor of appellant, but was amply sufficient to warrant the conclusion of the trial court that all the property in controversy was the separate and individual property of the appellee." The language of the court in that case was based upon a finding of the lower court, from which finding of fact No. 22 of this case is drawn, wherein it is specifically found that the real estate in question is the separate and individual property of the appellee; and the third conclusion of law in this case, referred to in appellant's brief, to the effect that the adjudication in the former case is a bar to appellant's cause of action. set forth in his cross-petition, is supported by said twenty-second finding of fact. For this reason it is impossible to assent to the proposition that the question of title to the property was not in issue and not decided in that case. We must therefore hold that it was decided, beyond. question, in the former case, that the property in question in this action was the separate property of the wife, and it follows that it was also her separate property at all times covered by the pleadings in that case, and is a finality in the present case. If it were her separate property, the husband could acquire no homestead rights therein, except with her consent. The section of the statute under which he could acquire such right is section 2, chapter 36, Compiled Statutes, as follows: "Sec. 2. If the claimant be married, the homestead may be selected from the separate property of the husband, or with the consent of the wife from her separate property," etc. So, if the question decided in the former case, that the husband had a homestead interest and right by curtesy in this property, was a question in issue therein,—and it could only have been a question in issue by reason of the fact that appellee in her answer alleged that it was their homestead, for it was not so claimed by appellant in his petition,—it was evidently so decided in view of the fact that the parties were then man and wife, and that the

husband might thereafter acquire a homestead interest therein with the consent of the wife, as he might acquire title by curtesy in case of her demise before his death. The wife never having given her consent that the husband could select this property as a homestead,—and we do not think the facts are such as to bear out such a conclusion,—and he never having done so, his right to do so was at the time that judgment was rendered a merely inchoate right, but which could have vested at any time in the future, so long as the marriage relation existed between the parties. By the rendition of the decree of divorce in this case, his right to select a homestead, even with the consent of the wife, was divested as completely as was his inchoate right by the curtesy. It having already been decided that this property was the separate property of the wife, and that by the decree of divorce in this case his right to select the homestead therefrom has been cut off, it remains to decide whether, at any time before such decree was granted and entered, appellant had, by any act, omission, word, or contract of any kind on the part of appellee Ellen, acquired a homestead therein, and if he had, whether such fact would entitle him to an accounting for the proceeds and products, rents, and profits thereof at any time prior to the rendition of such judgment. It is not contended that any proceedings were ever instituted to set apart any part thereof as a homestead under the provisions of our statutes of exemptions.

The findings of the lower court as to the facts are binding upon us, as the evidence is not preserved in a bill of exceptions. The findings are, substantially, that the property in Lancaster county was purchased as a residence, with money the proceeds of property of appellee Ellen, and with the intent that the same should be a home of the family; that from the time they first went upon it down to 1893 it was the home of the parties and their children, since which time appellant has ceased to live upon it, but that appellee, with some of her children,

has continued to reside thereon ever since that time; that while appellant has contributed labor upon the place in the way of improving and cultivating it, no spoken or other consent was ever given by appellee to the selection of the place, or any part of it, as a homestead, except as shown by these facts,—that is, in the way of her permitting him to reside upon the property as a home and to labor upon and improve it, and his receipt of a part of the products from time to time. It is found that he has at times received considerable amounts of such products, more in fact than the $2,000 value allowed by law for homestead; also, that appellee has received large amounts of such products, and the moneys derived therefrom, and with them improved the place, supported the family, purchased the land in Seward county, and in other ways used them as her own. We take it that the receipt by appellant of the proceeds of crops and stock is controlled by finding No. 17,—which is as follows: "That the plaintiff Ellen Klamp has at all times claimed to own the premises and property, both real and personal, as her separate property, and has denied the right of defendant Charles Klamp to any dominion over it against her will,"—or at least to the extent that if he received any of such proceeds with her consent, it was not with the intent on her part that he should have them as a right, but as a matter of gift on her part. While it is found that he at times has bestowed labor upon the property, in the way of farming and improving it, such labor was so bestowed without any express understanding that appellee would account to him therefor; furthermore, during the years he lived upon the place he had a home and was supported from the proceeds of the farm, without any express contract that he would pay or account therefor. As to whether the mere fact that it was their home would give him a right of homestead and the right to the dominion and control over this her separate property, to her exclusion, we will discuss later on; for it is evident, from the findings so far, that the only way in which he could

52

have acquired any right of homestead in this property was by the fact of their having made it the home of themselves and family. Under the findings so far examined, we cannot hold that any right of homestead in this separate property of appellee had ever so vested in appellant as to now give him a right for an accounting for the proceeds thereof from any time in the past down to the time of the entering of the decree of divorce in this case. On the contrary, we are constrained to hold that at all times this was her separate property, as irrevocably decided in the former adjudication; that he at all times while living there had a home, but in the absence of her consent acquired no vested right of homestead therein; but that at all the times while the marriage relation existed between them he did have an inchoate right to select a homestead from this separate property, with her consent. That inchoate right never having vested, lapsed when the decree of divorce was entered in this case, and he now has no right of homestead, either vested or contingent, and no right to an accounting for any proceeds of this farm, even though it be conceded that a vested right of homestead in a wife's separate property confers upon the husband the exclusive right of control and dominion over the proceeds thereof.

We are aware of the fact that the second conclusion of law of the lower court states that by reason of the parties having made this property their home, and improved it, it became their homestead. It is possible that such a conclusion might follow, but we are not bound by such conclusion, and even though we were, was it the legislative intent that the husband should have the exclusive dominion and control of the homestead, which is also the separate property of the wife? We do not believe that either the statutes conferring rights upon wives to the control of their separate property, or the divorce statutes of this state, are in anywise modified or abridged by the statutes of exemptions and homesteads contained in chapter 36, Compiled Statutes. While our statute does desig-

nate the husband, when the parties are married, as the head of the family, it does not necessarily follow that he is thereby given exclusive dominion and control thereover, but it is evidently intended merely that in case an execution is levied on such homestead such head of the family may take the steps designated in section 5 to protect the same from forced sale. It does not follow, in our opinion, that because the husband is designated as the proper person to protect the homestead from forced sale, that he, and he alone, has exclusive dominion thereover, and that he alone is entitled to its proceeds and the profits derived therefrom, particularly when the property is the separate property of the wife. Such a holding would make it possible for a husband to select a homestead from the separate property of the wife and afterwards to drive and exclude her from it and enjoy it for the remainder of his life to her utter exclusion; nay, even after such exclusion, in case of her demise before that of himself, it would entitle him to convey his life estate in it to third persons, the remainder vesting in his heirs, even though such heirs might be the children of a subsequent wife, or collateral relatives, in case of failure of issue, as provided in section 17 of that chapter. Furthermore, should we hold that chapter 36 modifies either the statutes relating to the separate property of married women, or the divorce statutes, then appellant would be entirely remediless, in case it should be held that the latter act was unconstitutional, as amendatory of acts not designated therein. We are rather inclined to believe that chapter 36 can be so construed as to demonstrate that the legislature never intended that the husband should have the exclusive control of the homestead, it being the property of the wife, but that it was intended merely that in either case, whether it be his or her separate property, it was intended that the homestead should be for the benefit of the whole family, and that in a trial of a divorce proceeding the court should have the same right to dispose of the homestead as of the other prop-

erty; that the homestead right in the separate property
of the wife is still her separate property, over which the
husband cannot exercise exclusive dominion and control,
even to the exclusion of the real owner, his wife, and that
in this case it would be inequitable and unjust and clearly
against the intent of the legislature in framing that very
beneficent act, to hold that the husband in this case has
a right to an accounting, as between himself and his wife,
out of a homestead selected, if it was selected, from her
separate property. The decree is right and is in all things

AFFIRMED.