FLORA V. HARPER, APPELLEE, V. JOHN ROBERT HARPER ET AL., APPELLANTS.

FILED MAY 6, 1911.   No. 16,428.

Partition: ALLOWANCE TO ATTORNEY. Where all the proceedings in partition, from the time the decree confirming shares is entered until distribution is made under a sale by a referee, are amicable and are properly conducted by plaintiff's attorney exclusively, the trial court may allow him a reasonable fee to be paid by the interested parties in proportion to their interest in the property sold.

APPEAL from the district court for Platte county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*Albert & Wagner,* for appellants.

*R. P. Drake* and *A. M. Post, contra.*

Rose, J.

This is an appeal by defendants from an order allowing a fee of $750 to plaintiff's attorney in a suit for partition. Flora V. Harper, widow of Joseph Harper, deceased, is the sole plaintiff. The only defendants who were adjudged to have an interest in the lands in controversy are six children and heirs at law of decedent; plaintiff being his second wife and the mother of one of the defendants only. After the share of each interested party was established by decree, plaintiff consented to the sale of the lands, including her homestead, the present value of which she agreed to take in money. Later the lands were sold by a referee, and the proceeds were distributed according to the respective shares of the parties. Out of the common fund the trial court allowed the attorney for plaintiff a fee for his services.

The only question presented by the appeal is stated by defendants as follows: "Does the record justify the allowance of a fee of $750 to plaintiff's attorney as a part of the costs in the case?" In assailing the allowance, defendants assert that the proceedings were adversary, and argue that no fee can be allowed as costs for the compensation of plaintiff's attorney without violating the following rule: "The plaintiff's attorney's fees are not taxable as costs in an action for partition where the proceedings are adversary." *Oliver v. Lansing*, 57 Neb. 352. Plaintiff's attorney insists that the proceedings were amicable throughout, and that the fee was properly allowed under the following doctrine: "A partition proceeding is one for the benefit of all the parties in interest, and where such proceedings are amicable it is proper for the trial court to allow the attorneys conducting the proceedings a reasonable attorney's fee, and to require the payment of the same by the parties in proportion to their interest in the property involved." *Johnson v. Emerick*, 74 Neb. 303.

The record fairly shows that the attorney for plaintiff

in drawing her petition asked for more than she was entitled to recover, and that defendants properly employed other counsel to resist the demand for unwarranted relief. To the partition, however, no resistance was made. There is no bill of exceptions, but the transcript shows that the hostility to plaintiff's excessive demand ended with the decree confirming shares and ordering the sale. Afterward, at least, plaintiff's attorney conducted the proceedings for the benefit of all parties entitled to share in the distribution of the proceeds. A referee was appointed. Several tracts of land were advertised and sold at sums aggregating more than $37,000. The sales were confirmed. Deeds were made to the purchasers. The proceeds were distributed among the parties entitled thereto, and defendants accepted the fruits of the services rendered by plaintiff's attorney in these proceedings. There is nothing to show that in conducting them he was assisted by counsel for defendants. He claimed from the common fund $1,200 as an attorney's fee. Defendants objected to the allowance of any sum for that purpose. The trial court allowed $750, but made no special findings. The allowance itself necessarily includes, at least, a general finding that the important proceedings relating to the sale, to the transfer of title, and to the distribution of more than $37,000 were not adversary, and the transcript contains nothing to show that, from the time the shares were confirmed until plaintiff's attorney demanded compensation for his services, the proceedings were not amicable. The amount of the fee, if allowable in any sum, is not questioned. On the face of the transcript, therefore, the allowance was proper, under the rule announced in the case last cited.

AFFIRMED.

LETTON, J., took no part in this decision.