MAY HOLTMAN JOHNSON, APPELLANT, V. OMAHA LOAN & BUILDING ASSOCIATION, APPELLEE: ALICE A. HOLTMAN, INTERPLEADER, APPELLEE.

FILED NOVEMBER 27, 1934. No. 28982.

*John W. Cooper*, for appellant.

*Sidney W. Smith, James E. Rait* and *L. B. McDonald*, contra.

Heard before ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LESLIE and RYAN, District Judges.

RYAN, District Judge.

This is an action brought by May Holtman Johnson as plaintiff against Omaha Loan & Building Association, a corporation, defendant, seeking to recover a certificate of the capital stock of the defendant, known as No. C-34553, being a certificate for twenty-five shares of

capital stock of the value of $200 each. The defendant filed a motion and affidavit for interpleader, in which it alleged that Alice A. Holtman also claimed to be the owner of said certificate and pass-book by inheritance from Dr. A. A. Holtman, deceased, and had made demand upon the defendant for the same; that defendant is ready to place to the credit of the plaintiff or Alice A. Holtman, as the court may direct, the full value of said certificate and pass-book, and, upon surrender of said certificate and pass-book No. C-34553, to issue and deliver to either of said persons as the court may direct a new certificate and new pass-book representing the full value thereof. The court thereupon made an order requiring Alice A. Holtman to appear and interplead on or before February 20, 1933, and maintain or relinquish her claim against the defendant in respect to said certificate and pass-book. Alice A. Holtman filed her answer alleging that she was the owner by inheritance of said certificate and pass-book. For convenience she will be referred to in this opinion as the defendant. Her answer further alleged that the property represented by said certificate and pass-book was accumulated by Dr. A. A. Holtman during his lifetime; that he at all times remained the owner thereof and made deposits and withdrawals to said account; that, although he used the name May Holtman at one time with reference to said account, he did not give the pass-book or any right, title or interest in said account to the plaintiff, but, on the contrary, exercised exclusive dominion over said property at all times as his own; that this interpleaded defendant is the widow and residuary legatee of said Dr. A. A. Holtman and is the owner of said certificate and pass-book. A reply was filed by plaintiff, specifically denying the allegations of· said answer.

Dr. A. A. Holtman was a practicing physician and surgeon in Omaha and accumulated a substantial estate. He died testate on October 10, 1926, and his will was probated in Douglas county. In his will he bequeathed $20,000

to his brother and two sisters and left the residue of his estate to his widow. The plaintiff, May Holtman Johnson, is one of the two sisters and the defendant Alice A. Holtman is the widow. Dr. Holtman invested his funds largely in building and loan association stocks and this litigation grows out of the certificate described in plaintiff's petition. On August 20, 1921, Dr. Holtman subscribed for twenty-five shares of stock in the Omaha Loan & Building Association and deposited $609.73 and received a certificate or pass-book No. C-34553, which was issued to him in his own name. He made other deposits on August 22 and August 25, and on September 1, 1921, there had been deposited and credited on said certificate the sum of $1,100.73. On September 1, 1921, he assigned the certificate to May Holtman, the plaintiff in this action. At the same time he had a reassignment blank made out for signature, reassigning the certificate to himself. On December 20, 1921, this reassignment appears to have been returned to the Omaha Loan & Building Association, bearing the name "May Holtman." It appears from the record that this name was written by the defendant Alice A. Holtman on the reassignment at the request of Dr. A. A. Holtman. Dr. Holtman continued making deposits in this account until November 3, 1925, when the total deposits reached $5,000 and the stock became matured. From then on he drew the dividends regularly up to the time of his death.

The record discloses that Dr. Holtman also carried accounts with the Conservative Savings & Loan Association. These were handled in much the same manner during the year 1921, except that he used the words "special" or "agent" after the name "May Holtman" in dealing with that association. It appears quite clearly from the record, and the trial court so found, that Dr. Holtman at one time designed and intended to accumulate for the plaintiff a deposit with the Omaha Loan & Building Association in the sum of $5,000. This appears from the assignment to her and also from the testimony of J. Harry Sinclair, an

insurance salesman to whom the doctor confided his intention. It does not definitely appear, however, that he intended her to have this particular account, for the reasons that he did not create a joint account, which would be payable to the survivor, and that he at no time surrendered control of the funds represented by this account No. C-34553.

Plaintiff insists that the evidence is sufficient to show a completed gift. The only evidence which tends to support any delivery of the pass-book and certificate in question is that of the plaintiff herself. She was permitted to testify, over the objection of the defendant, as to a conversation had with her brother in his office in October, 1921, at which time she testifies that he told her of this account and of his desire to do something special for her in consideration of what she had done at home and for him and their father. She testifies that he showed her the pass-book, and that she had it in her hand, and that he requested her to return it to him, as he had to present it when making deposits.

Plaintiff contends that this testimony was admissible and was not within the ban of section 20-1202, Comp. St. 1929, nor under the decisions interpreting that statute, for the reason that "in the case at bar the interpleader does not derive or obtain ownership to the fund represented by stock certificate C-34553 by right of inheritance from a deceased person, but by right of survivorship, if at all," and she is not therefore called upon to defend ownership or title obtained from Dr. Holtman, for she obtained none from him. The only evidence we are able to find in the record to the effect that Dr. Holtman placed this account in his own name jointly with his wife, Alice A. Holtman, is exhibit "6," which is a photostatic copy of a joint subscription for twenty-five shares in the Omaha Loan & Building Association under date of December 20, 1921, and bearing the number C-34553. This is the same date that the purported reassignment from May Holtman to A. A. Holtman appears to have been executed. As to

that exhibit "6," the signature of Alice A. Holtman is not identified. The only question in the record bearing upon this appears in the cross-examination of Clifford C. Rucker, who was, at the time of these transactions, assistant secretary of the association. He was asked: "Handing you exhibit '6' I will ask you to examine exhibit '6' and state whether the signatures shown thereon are the signatures of Dr. A. A. Holtman and Alice A. Holtman. A. That is Dr. Holtman. I couldn't say about Alice Holtman." The trial court evidently considered the evidence insufficient to show a joint account with right of survivorship, because he found in his decree that "at his death it was a part of his estate" and that "Alice A. Holtman as residuary legatee under the will of her husband, Dr. A. A. Holtman, is the owner of the money in the hands of the defendant, Omaha Loan & Building Association, a corporation, which money is identified as account C-34553." From a careful study of the record we conclude that the court was correct in this finding.

Section 20-1202, Comp. St. 1929, reads as follows: "No person having a direct legal interest in the result of any civil action or proceeding, when the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness." The situations in which this statute applies and wherein a litigant or witness may be said to be "the representative of a deceased person," as contemplated by this statute, have been the subject of much controversy, but are quite well settled by the decisions of this court. It is not necessary that the personal representative of the deceased in the sense of being the administrator or executor of the estate be a party. The rule is stated in *McCoy v. Conrad*, 64 Neb. 150, and cited with approval in *McEntarffer v. Payne*, 107 Neb. 169, in this language: "If a party is so placed in a litigation that he is called upon to defend that which he has obtained from a deceased person, and make the defense which the deceased might have made if living, * * *

then he may be said, in that litigation, to represent a deceased person." These principles apply to the present case and we conclude that the evidence of the plaintiff in regard to the purported ·delivery of the pass-book was inadmissible. Furthermore, it is our opinion that, even though this testimony should be admissible, it is wholly insufficient to support the contention that a completed gift was made, for, to constitute a valid gift *inter vivos,* dominion over and title to the gift must pass to the donee by the voluntary, intentional act of the donor. It must be such a delivery as will wholly pass title to the property which is the subject-matter of the gift and place it entirely beyond the control and dominion of the donor.

The judgment of the trial court is correct and is

AFFIRMED.