IN RE ESTATE OF KJELD N. NIELSEN.
DAGMAR EILERSEN NIELSEN, APPELLANT, V. RALPH W. NIELSEN, EXECUTOR, APPELLEE.
280 N. W. 246

FILED JUNE 17, 1938. No. 30261.

*Howard Saxton,* for appellant.

*John M. Berger, contra.*

Heard before Goss, C. J., Rose, Eberly, Day, Paine and Messmore, JJ., and Ryan, District Judge.

Ryan, District Judge.

This controversy arose out of the probate of the estate of Kjeld N. Nielsen, deceased. The appellant filed her petition praying for the setting aside to her of the wearing apparel, ornaments and household furniture, $200 in lieu of other personal property, $500 exemption in lieu of homestead, and she further claimed the sum of $400, being the proceeds of the sale of a Plymouth automobile which she alleged was her separate property. Upon appeal to the district court from an order allowing these claims, the district court allowed the first two items claimed, but disallowed the claim for $500 exemption in lieu of homestead, and found that the automobile was a part of the assets of the estate and disallowed her claim for the proceeds of the sale thereof, and taxed the costs of the appeal against her. From this decree she appeals to this court.

Kjeld N. Nielsen, at the time of his death and for some years prior thereto, was a resident of Omaha, Douglas county, Nebraska. He died testate on September 28, 1935. His widow, the appellant herein, Dagmar Eilersen Nielsen, renounced the will and filed her election to take under the laws of descent of the state. Appellant and her husband were living at 4255 Wirt street in the city of Omaha at the time of his death. This property was purchased under

a joint contract on October 8, 1934, and was conveyed to appellant on October 19, 1934. The purchase price was $3,200; of which amount the appellant contributed $1,500 out of her separate estate, and the balance was paid by the assumption of the unpaid amount due the Omaha Loan & Building Association on a first mortgage. The monthly payments on this loan were $32.95 and were paid by Kjeld N. Nielsen regularly until his death.

The appeal presents two principal questions: First, is a widow who held title to the family home which was the only real estate owned by either of the parties entitled to an allowance of $500 in lieu of homestead under sections 30-103 and 20-1553, Comp. St. 1929? and, secondly, does the evidence substantiate her claim of ownership of the family automobile?

For convenience in this opinion the claimant, Dagmar Eilersen Nielsen, will be designated as the plaintiff and the executor, Ralph W. Nielsen, as the defendant.

Plaintiff cites many cases, including *Meisner v. Hill,* 92 Neb. 435, 138 N. W. 583, and *Teske v. Dittberner,* 70 Neb. 544, 98 N. W. 57, in support of the general proposition that the courts of this state have liberally construed homestead exemptions, particularly where the rights of creditors are not affected; and there is no claim that such rights would be affected in this case as the total claims allowed against the estate were $127.17 and the estate has cash assets of $4,756.13 as shown by the inventory. The precise question presented for determination in this case, however, is whether the property at 4255 Wirt street, being lot 11, block 2, Maplewood Addition to the city of Omaha, constituted the homestead of plaintiff and her husband. If it did, then the allowance of $500 was properly denied her by the trial court. It is true that the title to that property was in the plaintiff and that she contributed the sum of $1,500 toward the purchase price out of her separate estate. It is likewise true that this court held in *Klamp v. Klamp,* 58 Neb. 748, 79 N. W. 735, that a husband could not acquire a homestead in the separate property of the wife except with

her consent. The question in that case was whether or not the husband had a right to compel the wife, from whom he had previously been divorced, to account to him for the proceeds of the homestead which was the separate property of the wife, and the court held he had not that right. In discussing that case in *Hobson v. Huxtable,* 79 Neb. 334, 112 N. W. 658, this court said: "We do not think that this case established the doctrine contended for by the appellants that the wife must declare her formal consent to the selection of a homestead from her property. We think her consent will be presumed from the actual use of the property as a homestead, which presumption can only be overcome by proof that she did not in fact consent." The first paragraph of the syllabus in that case states: "The actual use of a dwelling as a family home is a sufficient election under the provisions of the homestead law."

Plaintiff attempted to overcome this presumption by contending that Mr. Nielsen rented the home from her. After testifying to the purchase of the property, she testified as follows: "Q. Now, did you ever rent this property? A. Rented it to Mr. Nielsen. Q. And when did you begin to rent it? How soon after buying it did you begin to rent it to him? A. Well, I think he paid the first payment, the first rent on it, in November. Q. The Court: What year? The Witness: 1934. * * * Q. And what rent did he pay on this property which you bought? A. $32.95 a month. Q. And what had he been paying on the house on Ohio street? (Prior to this they had rented a house at 4136 Ohio street.) A. All the way from $32.50 to $20; he went down to $20. * * * Q. And how long did Mr. Nielsen rent that place of you? A. About eleven months. Q. That would be until the day of his death in September? A. The 28th of September. Q. 1936? A. 1935." On cross-examination she stated: "Q. And the payments to be made on the loan were, I think you stated, $32.95? A. That was including the mortgage and taxes. Q. And insurance? A. And insurance, I mean the taxes and insurance. Q. Any interest? A. No; $24.30 per month on the house and they figured in the taxes and

insurance. Q. And that made a total of— A. $32.95. Q. Now, who made those payments? A. Mr. Nielsen. Q. He had agreed with you, had he not, to make these payments at the Omaha Building and Loan Association and did make them? A. Yes, sir. Q. And he had the pass-book to go down and pay them? A. Yes, sir. * * * Q. And was there anything discussed about the way that Mr. Nielsen was to be protected for the money that he paid into the Omaha Building and Loan Association on that loan? A. Yes, sir; in case of death."

The plaintiff then identified a will which she had executed on February 12, 1935, leaving her husband a life estate in the property in the event she predeceased him, and further providing that in case the property was sold all moneys that he had paid upon the property should be repaid him, and the balance paid to her son by a former marriage. The second paragraph of the will of the decedent, Kjeld N. Nielsen, executed on September 12, 1935, and admitted to probate by the county court of Douglas county on November 2, 1935, provided:

"I give, will and bequeath to my wife, Dagmar Eilersen Nielsen, one-fourth (¼) of my estate, in addition to the interest and equity that I now have in the house that we now occupy and jointly use located at 4255 Wirt street, by virtue of having made payments and taxes and other incidentals connected therewith."

The evidence quoted considered in conjunction with the wills executed by the plaintiff and her deceased husband not only falls short of disproving the presumption that the family home at 4255 Wirt street constituted the homestead of the parties, but clearly demonstrates that Kjeld N. Nielsen during his lifetime claimed an interest in the premises.

Passing on to the claim of plaintiff that she was the owner of the family automobile, the evidence discloses that it was purchased April 30, 1934; that an old car belonging to the deceased was traded in at either $135 or $150, a cash payment of $100 was made and a note was executed by

Kjeld N. Nielsen for the balance of $481.37. This note was sold to Merchants Investment Company of Omaha, and paid by Mr. Nielsen on June 15, 1934. The automobile was registered and assessed in the name of Kjeld N. Nielsen. It was also insured against loss by fire and theft in the name of Kjeld N. Nielsen.

Plaintiff bases her claim of ownership upon the fact that, she testified, she advanced the $100 cash payment, and further that Mr. Nielsen requested her to come down to the Plymouth distributors and select the car from two shown her by the salesman, and upon certain statements testified to as having been made to third parties by Mr. Nielsen that the car belonged to the plaintiff. Three witnesses testify to such remarks. And in the direct testimony of the plaintiff she stated, "My husband always said it was my car, and I always claimed it."

This court has several times announced the rule with reference to gifts *inter vivos*. In the case of *Johnson v. Omaha Loan & Bldg. Ass'n,* 128 Neb. 37, 257 N. W. 370, it was said: "To constitute a valid gift *inter vivos,* dominion over and title to the gift must pass to the donee by the voluntary, intentional act of the donor. It must be such a delivery as will wholly pass title to the property which is the subject-matter of the gift and place it entirely beyond the control and dominion of the donor." The case of *In re Estate of Wroth,* 125 Neb. 832, 252 N. W. 322, dealt with the precise question before us in this case. In that case the plaintiff produced two witnesses who testified to statements made by the deceased which were quite similar to the statements testified to in the instant case. After reviewing the statutes governing the registration and transfer of title to motor vehicles, and the decisions of this and other jurisdictions, the court said: "Title to motor vehicles cannot be passed between living persons by mere oral declarations. In order to pass title it is necessary to comply with the provisions of sections 60-310 and 60-325, Comp. St. 1929. The statute covers the transfers of title to motor vehicles either by sale or gift *inter vivos.* It is incumbent on plaintiff, to

establish her title to the automobile in question, to produce, or account for its nonproduction, documentary evidence, showing that the statutory requirements have been complied with. This she has failed to do."

Plaintiff also assigns as error the exclusion of certain conversations alleged to have been had by her with her late husband, contending that the defendant by introducing the documents executed in connection with the purchase of the automobile, the registration and insurance of the same in evidence, after having them identified by the plaintiff, opened up the entire subject for inquiry, and that plaintiff had a right to testify in regard to conversations with her deceased husband which she claims to have had at the time she came into possession of the papers. A careful examination of the record and particularly of the cross-examination of plaintiff by counsel for the defendant discloses no foundation for this assignment of error. Counsel for defendant merely asked plaintiff to identify the signature of the deceased, her late husband, on a note, exhibit 5, and given in part payment of the automobile, and exhibit 6, which was the receipt of the Merchants Investment Company acknowledging payment of the note by Kjeld N. Nielsen. None of the testimony elicited sufficed to lift the bar of section 20-1202, Comp. St. 1929, with reference to testimony concerning transactions or conversations with deceased persons where the adverse party is the representative of such deceased person. In fact, there was positively no reference made to the time she came into possession of the documents concerning which she was interrogated. There was no error in exclusion of the testimony.

Complaint is also made by plaintiff that the trial court taxed the costs against her. Section 20-1711, Comp. St. 1929, provides: "The court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable." This court has held that such action of the trial court is not reviewable unless abuse of discretion is shown. *Woodard v. Baird*, 43 Neb. 310, 61 N. W. 612; *In re*

*Clapham's Estate,* 73 Neb. 492, 103 N. W. 61. Most of the costs were incurred in the taking of depositions in Iowa in the attempt to prove the plaintiff's claim of ownership of the automobile, and in view of the fact that the law in that regard has been well established in this state, and the proof adduced was wholly inadequate, we are not prepared to say that the trial court abused its discretion in taxing the costs against the plaintiff.

No reversible error appearing in the record, the decree of the district court is

AFFIRMED.