WESLEY T. WILCOX, APPELLEE, v. VICTOR H. HALLIGAN ET AL., APPELLANTS.

4 N. W. (2d) 750

FILED JUNE 26, 1942. No. 31271.

*Halligan, McIntosh & Halligan,* for appellants.

*Shuman & Overcash, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

EBERLY, J.

This is an appeal from an award of attorneys' fees to Shuman & Overcash, attorneys at law, and also from an order assessing the costs of the second sale had in a partition proceeding carried on under sections 20-2170 to 20-2199 and 20-21,100 to 20-21,111, Comp. St. 1929.

As to the first contention of the appellants, it is, substantially, that "attorneys' fees allowable under the statutes in partition actions for plaintiff's counsel are those in amicable proceedings," and that within this principle the attorneys' services performed by plaintiff's attorneys were not performed in an "amicable proceeding."

The parties to the action were Wesley T. Wilcox, plaintiff, and Victor H. Halligan, Louise Halligan, his wife, Victor H. Halligan, trustee of the estate of John J. Halligan, deceased, Carrie S. Halligan, Kathleen D. Halligan and Nancy Jane Halligan, a minor, defendants. The defendants had succeeded, upon the death of John J. Halligan, to all the title

and interests possessed by the deceased at the time of his death.

The appellants' brief describes the property interests involved in the following terms: "In the property involved in this action at the time of J. J. Halligan's death, Wilcox and Halligan (deceased) each had a one-half interest, with the exception of the Rose place. At that time there was a mortgage on the north quarter of the Rose place that Wilcox and Halligan had sold to Rose. The mortgage was for $4,000, but no interest had been collected for six years, and no rent had been collected from Rose for three years on the Hughes quarter which Rose rented. On the pasture south of Hershey, no rent had been collected for a couple of years. The Scottsbluff land was a year behind in rent. Mr. Rose came in and gave a mortgage upon the whole half-section for the amount then due. On the south quarter was a mortgage to the Lincoln Joint Stock Land Bank, and our mortgage was then a second mortgage on that quarter, and a first mortgage on the north quarter. Mr. Rose then got a Federal Land Bank loan on the south quarter with improvements on to take up the Lincoln Joint Stock Land Bank mortgage, and several years of taxes. Foreclosure was instituted against Mr. Rose, who eventually gave a deed to W. T. Wilcox and Victor H. Halligan, trustee of the estate of John J. Halligan, deceased. The mortgage to the Federal Land Bank of around $3,500 was then paid off."

Accepting the statement of facts above set forth as true, and, indeed, fully sustained by the proof, they disclose a cause fairly within the law authorizing partition, and necessarily invoke the rule: "Where a cause is fairly within the law authorizing a partition, the right to partition is imperative and absolutely binding upon courts of equity. In such a case the right of partition is a matter of right and not of mere grace." *Oliver v. Lansing*, 50 Neb. 828, 70 N. W. 369. See, also, *Windle v. Kelly*, 135 Neb. 143, 280 N. W. 445.

The pleadings disclose that the petition filed by Wesley T. Wilcox, as plaintiff, fully complies with the requirements of

sections 20-2170 and 20-2171, Comp. St. 1929. To this petition the defendants Carrie S. Halligan, widow of John J. Halligan, deceased, Victor H. Halligan and Louise Halligan, his wife, Victor H. Halligan, trustee of the estate of John J. Halligan, deceased, Kathleen D. Halligan, and Nancy Jane Halligan filed their respective answers in said cause, each setting forth the amount and nature of their respective interests. None of the defendants denied the interest of plaintiff in the premises sought to be partitioned. No replies were filed to such answers by plaintiff, and the allegations thereof were in no manner contradicted by any documentary proof of title filed by the respective parties therein. Under such circumstances, the statements in the petition, and in the answers so filed, are required to be taken as true. It follows that, so far as the pleadings are concerned, this proceeding in partition may not be deemed adversary in character, and plaintiff's right to partition is conceded by all parties and cannot be made an issue in this case.

The record discloses that this case, after completion of the issues, proceeded in the regular manner. On November 14, 1940, judgment in partition was entered without contest, and George B. Dent was appointed referee. On November 16, 1940, the referee so appointed reported that said property would have to be sold, and on the same date the court ordered the referee to sell the property which was the subject of the partition action. This was consistent with defendants' pleadings and the relief prayed for therein. No objections were made by any of the parties to the order thus entered. The sale was held by the referee on January 18, 1941, at which plaintiff was the highest bidder for all of the property, his bid being $3,650. It appears that defendants Victor H. Halligan and Louise Halligan, his wife, Victor H. Halligan, trustee of the estate of John J. Halligan, deceased, and Carrie S. Halligan filed a motion to set aside this sale, which for the purpose of this opinion will be said to have been based on the proposition that the price bid upon said land was less than one-half of its fair value, and that a resale would bring a larger amount. A hearing was had on

said motion to set aside this sale, at which William E. Shuman appeared as attorney for plaintiff and moved that the sale be confirmed as made. Evidence was introduced by defendants, but no evidence was introduced by plaintiffs. At the close of this hearing, the district court entered an order on February 15, 1941, providing that if defendants "shall pay into court within 10 days from this date the costs which would be incurred by another sale which this court fixes at the sum of $102, that a new sale is hereby granted." The $102 was paid into court by the defendants as required by this order, and the referee's second sale was had on March 29, 1941. The entire property involved in the partition suit was bid in by Victor H. Halligan, trustee of the estate of John J. Halligan, deceased, for the sum of $8,400, the purchaser to assume the taxes for the year 1940. On April 10, 1941, the district court entered its judgment confirming said sale and ordering a distribution of the proceeds thereof. This judgment further recited, in part: "That at the time the objections to the first sale which was held herein were heard before this court January 15, 1941, this court ordered that the defendants should be given a new sale if they would pay the expenses of the same," etc., and thereupon, in legal effect, taxed the costs of the second sale, to wit, $44.24, to the defendants. The court also allowed the firm of Shuman & Overcash, as attorneys in his proceeding, the sum of $320. From the overruling of the motion directed against the court's order as to attorneys' fees and $44.24 costs taxed to the defendants, this appeal is taken.

This jurisdiction is quite committed to the doctrine that in an amicable proceeding under our statutes the plaintiff is entitled to have his reasonable attorneys' fees taxed as costs to be paid out of the proceeds of the sale of the partitioned property, where a sale is had. Here we have a proceeding which the record discloses was wholly without contest and strictly amicable in all respects, up to and including the decree of partition, the appointment of the referee, the approval of his report, and the order of the district court directing the sale of the premises. All of the services of plain-

tiff's attorneys up to this point were clearly for the benefit of all parties to the proceeding, and the compensation for such attorneys in equity should be shared by all the parties to the proceeding. The confirmation of the first sale was alone contested by the defendants. This contest did not relate to any issues in the partition case nor change its essential character. After the first sale was set aside, the attorneys for plaintiff completed the proceedings; a second sale was had and confirmed, and an order of distribution was made and entered. All these services thus performed were likewise for the benefit of all parties interested in the proceeding.

We are quite of the opinion that the doctrines of the following cases clearly support the action of the trial court in its allowance of attorneys' fees in this case. *Johnson v. Emerick*, 74 Neb. 303, 104 N. W. 169; *Harper v. Harper*, 89 Neb. 269, 131 N. W. 218; *Smith v. Palmer*, 91 Neb. 796, 137 N. W. 843; *Mabry v. Mudd*, 132 Neb. 610, 272 N. W. 574.

The defendants challenge the taxation to them of the costs of the second sale, amounting to the sum of $44.24. This is based on the fact that at the second sale the premises were purchased by the defendants, or some of them, for $8,400, subject to taxes, so that the amount of the second sale exceeds the amount of the first sale by $4,750. The defendants concede in their brief that in this case the district court, governed by equitable principles, possessed a certain discretion in taxing costs to the parties to the proceeding, but contend that its action in the present case constituted an abuse of discretion. We accept, but do not determine, the basis of submission of this question before us by both parties as being controlled by equitable principles. The origin of this controversy relates back to the order of the trial court of February 15, 1941, conditionally sustaining the motion to set aside the first sale. Defendants' motion because of its substance was at most efficient only as invoking the discretion of the district court. It was not based upon a clear, statutory right. The district court, as a condition precedent and prerequisite to sustaining this motion pre-

sented by defendants, by its order then entered required them to assume the burden of the payment of the costs of the second sale then fixed by the court at $102, which amount the defendants were required to advance and pay into court by a day certain. So the district judge with full knowledge of the situation prescribed his own conditions, which the defendants accepted and fully complied with and thus secured a second sale. The conditions prescribed by the district court did not in any manner involve or contemplate the results of the second sale, if such was actually had. In fact, it presented to the defendants the alternative, to pay the costs of the second sale when had, or their motion to set aside the first sale would be denied. The transcript in this case was not filed until June 16, 1941, more than four months after the action of the district court now questioned was taken. However, this court order has been by the defendants fully accepted and complied with, and this, in turn, secured the setting aside of the first sale of the premises involved in the partition proceeding.

Query: Are these questions involved in these transactions now properly before this court for determination?

But, aside from this situation, to justify relief against this order of the trial court of February 15, 1941, and its enforcement by the district court's order of April 10, 1941, it must, as apparently conceded by all parties to this appeal, clearly appear that there has been an abuse of discretion in the premises by the district court. *In re Estate of Nielsen,* 135 Neb. 110, 280 N. W. 246; *Woodard v. Baird,* 43 Neb. 310, 61 N. W. 612; *In re Clapham's Estate,* 73 Neb. 492, 103 N. W. 61. This the record as an entirety fails to disclose.

It follows that the judgment of the district court, as to the two questions presented by this appeal, is correct, and it is affirmed.

AFFIRMED.