Gary Labenz and Sandra Labenz,
husband and wife, appellants, v.
Linda Labenz et al., appellees.

___ N.W.2d ___

Filed July 24, 2015.    No. S-14-833.

1. **Partition: Equity: Appeal and Error.** A partition action is an action in equity and reviewable by an appellate court de novo on the record.
2. **Contracts: Appeal and Error.** The construction of a contract is a question of law, and is reviewed de novo.
3. **Attorney Fees: Appeal and Error.** An appellate court reviews the amount of an award of attorney fees for an abuse of discretion.
4. **Partition: Attorney Fees.** Attorney fees are generally permissible in a partition action.
5. **Attorney Fees.** Attorney fees and expenses may be recovered only where provided for by statute or when a recognized and accepted uniform course of procedure has been to allow recovery of attorney fees.
6. **Contracts.** A contract must receive a reasonable construction, and a court must construe it as a whole and, if possible, give effect to every part of the contract.
7. ____. Whatever the construction of a particular clause of a contract, standing alone, may be, it must be read in connection with other clauses.
8. ____. When there is a question about the meaning of a contract's language, the contract will be construed against the party preparing it.

Appeal from the District Court for Platte County: Robert R. Steinke, Judge. Affirmed.

George H. Moyer, Jr., of Moyer & Moyer, for appellants.

Mark M. Sipple, of Sipple, Hansen, Emerson, Schumacher & Klutman, for appellees.

Heavican, C.J., Wright, Connolly, McCormack, Miller-Lerman, and Cassel, JJ.

Heavican, C.J.

## INTRODUCTION

Following the filing of a partition of real estate action, the parties stipulated to a sale by public auction. After the sale, Gary Labenz and Sandra Labenz, husband and wife (collectively the Labenzes), sought confirmation of the sale and asked the court to approve the payment of costs, fees, and expenses. The court awarded the Labenzes' counsel $5,224 pursuant to the stipulation between the parties regarding the sale of the property. The Labenzes appeal. We affirm.

## FACTUAL BACKGROUND

The real estate in question was originally owned by Alois J. Labenz and consists of 160 acres of agricultural land. The personal representative of Alois' estate, Aline M. Labenz, deeded the property to Gary; Linda L. Labenz Kerkman, now known as Linda Labenz; and Lisa S. Labenz, now known as Lisa S. Stephenson, reserving for herself a life interest in the real estate. Aline passed away on July 22, 2003, and her life interest was extinguished. Gary held the land under an oral lease which expired February 28, 2014.

Gary filed a complaint on January 23, 2014, seeking to partition the real estate. Linda and Lisa filed an answer and a motion asking the court to determine "appropriate possession" of the real estate.

On April 1, 2014, the parties entered into a joint stipulation drafted by the Labenzes' attorney, George H. Moyer, agreeing to sell the property at public auction. The stipulation provided that Moyer would attend the auction, draw up the purchase agreement, hold the earnest money, conduct the closing, and escrow the purchase price. The stipulation further provided that "[a]fter the deduction of expenses, attorney fees and costs, the net proceeds of the sale . . ." would be divided equally among Gary, Linda, and Lisa.

The auction was held on April 21, 2014. Gary was the winning bidder at auction, and the sale closed on May 21. The purchase price was $1.29 million. The proceeds from the sale were deposited into Moyer's trust account.

On May 30, 2014, Moyer sought confirmation of the sale by the district court. On that same day, Moyer also sought the court's permission to distribute the proceeds of the sale, subject to the payment of "costs, expenses, commissions and fees," which Moyer asked the court to determine. On July 1, Moyer filed a motion on the Labenzes' behalf seeking a judgment of partition on the pleadings or, in the alternative, based upon the joint stipulation. By the date of this hearing, the primary issue presented was the appropriate amount of attorney fees to be paid to Moyer.

The district court denied the motion for partition on the pleadings, concluding that the sale was conducted via public auction and was complete and that thus, there was no real estate to partition. But the district court noted that some fees were owed under the terms of the stipulation. Following an evidentiary hearing, the district court read paragraphs 5 and 7 of the stipulation together and awarded Moyer fees in the amount of $5,224.

The Labenzes appeal.

## ASSIGNMENTS OF ERROR

The Labenzes assign, restated and consolidated, that the district court erred in (1) concluding that attorney fees were not owed under equitable principles or under the partition statutes, (2) limiting fees to those services outlined in paragraph 5 of the stipulation, and (3) not awarding Moyer the full amount of the fees he had earned as calculated on an hourly basis.

## STANDARD OF REVIEW

[1] A partition action is an action in equity and reviewable by an appellate court de novo on the record.[1]

---

[1] *Channer v. Cuming*, 270 Neb. 231, 699 N.W.2d 831 (2005).

[2] The construction of a contract is a question of law, and is reviewed de novo.[2]

[3] An appellate court reviews the amount of an award of attorney fees for an abuse of discretion.[3]

## ANALYSIS
*Fees Under Statute and Case Law.*

In the Labenzes' first assignment of error, they contend that the district court erred in not awarding their counsel fees under either the partition statutes or equitable principles.

[4] This action began as one for partition. Attorney fees are generally permissible under state statutes and case law[4] under those statutes. In particular, the recovery of such fees is permitted by Neb. Rev. Stat. § 25-21,108 (Reissue 2008), which provides:

> If, in the proceedings in partition, judgment shall be entered directing partition, as provided in section 25-2179, the court shall, after partition or after the confirmation of the sale and the conveyance by the referee, determine a reasonable amount of attorney's fees to be awarded, which amount shall be taxed as costs in the proceedings. If the shares confirmed by such judgment and the existence of all encumbrances of which the plaintiff had actual or constructive notice were accurately pleaded in the original complaint of the plaintiff, such attorney's fees shall be awarded entirely to the attorney for the plaintiff; otherwise, the court shall order such fees for the attorneys to be divided among such of the attorneys of record in the proceedings as have filed pleadings upon which any of the findings in the judgment of partition

---

[2] See *Foote v. O'Neill Packing*, 262 Neb. 467, 632 N.W.2d 313 (2001).

[3] See *In re Guardianship of Brydon P.*, 286 Neb. 661, 838 N.W.2d 262 (2013).

[4] See, e.g., *Mabry v. Mudd*, 132 Neb. 610, 272 N.W. 574 (1937); *Harper v. Harper*, 89 Neb. 269, 131 N.W. 218 (1911).

are based. The court shall also determine and tax as costs a reasonable fee for the referee.

The Labenzes argue that their counsel is entitled to an award of attorney fees under our case law and under § 25-21,108. We disagree.

While this case began as a partition action, that action effectively ended when the parties decided to sell the land at public auction. In this case, no referee was ever appointed. No referee's report was ever issued. The court did not monitor the sale of the property. In certain partition actions, the award of attorney fees is permitted. But this was not a completed action for partition. We decline to expand the allowance of attorney fees to the scenario presented by these facts.

[5] The Labenzes also argue that the equities of the situation and the common fund doctrine support their assertion that their counsel is entitled to an award of fees. We find this argument misplaced. Attorney fees and expenses may be recovered only where provided for by statute or when a recognized and accepted uniform course of procedure has been to allow recovery of attorney fees.[5] Other than their arguments under the partition statute, which we have rejected, the Labenzes point to no statute or uniform course of practice which would permit the allowance of fees in this situation. Simply arguing that something is unfair does not allow a court to invoke its equitable powers.

The Labenzes' first assignment of error is without merit.

*Fees Under Joint Stipulation.*

The Labenzes also argue that the district court erred in reading paragraphs 5 and 7 of the joint stipulation together in order to limit the fees awarded to Moyer. They contend there is nothing in the stipulation that limits the fee given under paragraph 7 to the work mentioned in paragraph 5. We conclude that the district court correctly interpreted the stipulation.

---

[5] *Garza v. Garza*, 288 Neb. 213, 846 N.W.2d 626 (2014).

This case is a procedural oddity, to be sure. It began as a partition action, which arises in equity and is reviewed de novo, and ended as a contract interpretation action, which is also reviewed de novo, but presents a legal question. On these facts, we are asked to interpret the language of the parties' joint stipulation and we conclude that such is akin to the interpretation of a contract.

[6-8] We have said that a contract must receive a reasonable construction and that a court must construe it as a whole and, if possible, give effect to every part of the contract.[6] Whatever the construction of a particular clause of a contract, standing alone, may be, it must be read in connection with other clauses.[7] When there is a question about the meaning of a contract's language, the contract will be construed against the party preparing it.[8]

The stipulation, which was drafted by Moyer, the Labenzes' counsel, allowed for the payment of attorney fees and costs. It also explained what responsibilities counsel would have in connection with the auction and subsequent sale. It is reasonable to interpret this stipulation such that the fees and costs envisioned in paragraph 7 are related to those duties set forth in paragraph 5. In our de novo review, we agree with the district court's interpretation of the stipulation.

Finally, we note that the amount of fees awarded to the Labenzes was not an abuse of the district court's discretion. In fact, the Labenzes concede that the amount awarded was correct insofar as it correlated to their counsel's responsibilities under paragraph 5 of the stipulation.

The Labenzes' second and third assignments of error are without merit.

---

[6] *Hearst-Argyle Prop. v. Entrex Comm. Servs.*, 279 Neb. 468, 778 N.W.2d 465 (2010).

[7] *Id.*

[8] *McKinnis Roofing v. Hicks*, 282 Neb. 34, 803 N.W.2d 414 (2011).

## CONCLUSION

The district court was correct in concluding that attorney fees were not available under our statutory or case law regarding partition. The district court's interpretation of the stipulation to limit fees to those incurred in connection with the responsibilities listed in the stipulation was also not in error, and the amount of the fees actually awarded was not otherwise an abuse of discretion. The decision of the district court is affirmed.

AFFIRMED.

STEPHAN, J., not participating.