MARIA HILLIARD, Impleaded, etc.

*v.*

JAMES W. SCOVILLE *et al.*

1. PARTITION—*who entitled thereto.* One tenant in common may sue out a writ of partition, even though there be a subsisting life estate in another in the premises, notwithstanding the objection of the owner of the

29—52ND ILL.

life estate; and, in case partition can not be made, he may obtain an order for the sale of the whole of the premises, subject to the life estate.

2. And though the premises may sell for less by reason of the life estate in them, that is no reason why either of the remainder-men should be delayed in proceeding to sever the tenancy, as between themselves.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Chief Justice, presiding.

This case was before this court at the September term, 1868, and will be found reported in 48 Ill. 453, where a full statement of the case, as presented at that time, will be found in the opinion of the court. The additional facts appearing on the second hearing below are presented in the opinion.

Messrs. HERVEY, ANTHONY & GALT, for the appellant.

As the court did not decide, in the other case, that a sale could be decreed, but only a partition could be made, and that, because the owner of the life estate did not appear to object, we submit again the question to the court, that a sale of this undivided property can not be decreed against the objection of the owner of the life estate, and against the objection of the appellant, who owns two-thirds of the property, and again cite the following cases—*Culver* v. *Culver*, 2 Root, 278; *Nichols* v. *Nichols*, 28 Vermont, 228; *Nichols* v. *Nichols*, ib. 658—in support of our position.

Mr. GEORGE SCOVILLE, for the appellees.

PER CURIAM: When this case was before us at the last term, we fully considered all the authorities cited, supposed to bear upon the case, and we reached the conclusion there was no reason why one tenant in common might not sue out a writ of partition, even though there was a subsisting life estate in another in the premises.

By the record now before us, it appears the owner of the life interest objected to the partition, notwithstanding which, the court allowed the partition, and appointed commissioners to divide the lot. The commissioners reported partition could not be made, whereupon a sale of the lot was ordered, subject to the life estate.

This order was a natural and legal sequence of the decision of this court, and was proper. The owner of the life estate can not be injured by a sale, nor can the tenants in common. Either of them can become the purchaser, and so may the tenant for life. But, independent of this consideration, there can be no legal impediment to the sale, if a partition can not be made. Though the premises may sell for less by reason of the life estate in them, that is no reason why either of the remainder-men should be delayed in proceeding to sever the tenancy as between themselves. The sooner it is severed the better it would appear to be for all parties.

The judgment of the court below is affirmed.

*Judgment affirmed.*