PEERLESS BATTERY MANUFACTURING COMPANY, APPELLEE,
v. JAMES L. HAND, APPELLANT.

FILED FEBRUARY 15, 1923. No. 22239.

1. Contracts: EVIDENCE: SUFFICIENCY. Evidence examined, and held to support the finding of the district court that defendant did not possess any secret process or formula for the manufacture of storage batteries.

2. Corporations: CONTRACT: FAILURE OF CONSIDERATION. Where one procures capital stock of a corporation to be issued to him in consideration of his possessing and turning over to such corporation a secret process or formula for the manufacture of storage batteries, and also enters into a contract, as a part of the consideration for the so-called secret process or formula, that he shall receive royalties upon the sale of the products of the corporation, and it transpires that he does not possess any secret formula or process, he thereby acquires no right either to the capital stock or to any royalties upon the sale of products.

3. Bills and Notes: CONSIDERATION. The issue of corporate stock, without consideration at the time, may be a sufficient consideration for the giving of a promissory note, of the face value of the stock, at a later date.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*T. S. Allen,* for appellant.

*Fred C. Foster, G. N. Foster, O. K. Perrin* and *Bert A. Button, contra.*

Heard before MORRISSEY, C.J., ROSE, ALDRICH, DAY and GOOD, JJ., TROUP, District Judge.

GOOD, J.

This action was instituted in the district court for Lancaster county by the appellee, who will hereafter be referred to as plaintiff, to recover upon a promissory note for $7,360, and for an accounting and other relief. Appellant, who will hereafter be referred to as the defendant, filed an answer and cross-petition, in which he admitted the execution of the note for $7,360, but alleged that the same was an accommodation note and without consideration, and further alleged that there was a large amount due him from the plaintiff for various matters, which will not be further referred to. Upon the trial of the cause in the district court, judgment in favor of plaintiff for $1,614.59 was rendered, and the court, in adjusting the various items of debits and credits, determined and held that defendant was liable upon the said promissory note. Defendant has appealed, and the only questions for determination in this court are those relating to the liability of defendant upon the promissory note.

The defendant, one Flinn and others organized the plaintiff corporation in 1919 for the purpose of manufacturing and selling storage batteries. At the time, defendant claimed to be the owner of a secret process and formula, by which a superior storage battery could be produced, and contracted with the plaintiff to turn over to it such secret formula and process, in consideration of which $25,000 of the capital stock of plaintiff

was issued to him in two certificates of $12,500 each. Immediately thereafter defendant assigned and trans-ferred one of said certificates to Flinn, and a new certificate was then issued to Flinn for $12,500, but it was left in the stock book of the company. Flinn then sold to various persons a portion of this stock, to the amount of $7,360 of its face value, for which he re-ceived the purchase price. Later, an application was made to the state bureau of securities for leave to sell additional stock, and, upon an investigation of the affairs of the company, the said bureau held that the $25,000 of stock issued to Flinn was bonus stock, for which no adequate consideration had been paid to the company, and declined to authorize the issuance of ad-ditional stock unless the $25,000 of capital stock, which had been originally issued to defendant, was called in and canceled. Thereupon a meeting of the board of directors of the plaintiff company was held, and the de-fendant surrendered and canceled the $12,500 certificate still held by him, and Flinn surrendered and canceled the stock held by him, and which he had not sold, but there was $7,360 of the stock Flinn had sold and which could not be surrendered. Flinn was requested to execute a note as security for the $7,360 of stock, but declined to do so. Thereupon a contract was entered into between plaintiff and defendant, whereby the plaintiff was to allow the defendant certain royalties upon all batteries which it sold, and the defendant to execute and deliver to the company his note for $7,360, and it was further agreed that as the royalties became due to defendant on the sale of batteries one-half thereof should be credited upon the note. Thereafter the company became involved in financial difficulties, and this action resulted. Upon the trial of the cause the district court held the contract void, and that defendant was not entitled to any royal-ties, for the reason that he did not possess any secret process or formula, and that such contract was but a

subterfuge whereby the stock was issued to defendant as a bonus.

The defendant contends that the district court erred in making this finding. We have examined the record with some care, and have reached the same conclusion as the district court, that defendant did not possess any secret process or formula for the manufacture of storage batteries. It was plainly shown upon his cross-examination that he was utterly ignorant of chemistry or of any knowledge concerning a formula for the manufacture of storage batteries. The trial court, in our opinion, was fully justified in its finding that defendant did not possess or turn over to the plaintiff any secret formula or process, and that the contract was therefore not enforceable.

It is next contended by the defendant that there was no consideration for the promissory note in question, and that it was given as an accommodation. This contention is not well founded. The defendant procured to be issued to himself, without any consideration, $25,000 of the par value of the plaintiff company's stock, and, when called upon to return and cancel this stock, he made restitution only to the extent of the stock that was then in Flinn's and in defendant's name, but $7,360 of the par value of the stock had passed to innocent holders for value and could not be returned and canceled. It was his duty to procure and return the stock or pay the company therefor, and the issue of the stock to him which he afterwards transferred to Flinn, and for which no consideration was paid to the company, was a sufficient consideration for the giving of the promissory note.

It is also in evidence that the plaintiff sued Flinn and recovered a default judgment against him for the $7,360, but this judgment was never collected. The decree of the trial court provided that defendant should be subrogated to the plaintiff's rights in this judgment and that it should inure to his benefit. Defendant was

not prejudiced by the recovery of this judgment against Flinn, nor was he relieved of his liability to the company, so long as the judgment remained unsatisfied.

The view that we take of the facts disclosed by the record renders it unnecessary to consider any of the law questions urged by the defendant.

The judgment of the district court is free from error, and is therefore

AFFIRMED.