C. L. BASKINS, APPELLANT, V. JOSEPH F. KREPCIK ET AL., APPELLEES.

43 N. W. 2d 624

Filed July 13, 1950.   No. 32785.

*Baskins & Baskins,* for appellant.

*Beatty, Clarke, Murphy* and *Morgan,* and *William S. Padley,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is a suit to partition land in Lincoln County. Demurrers to the petition were sustained on the ground that a cause of action for involuntary or compulsory partition was not shown because of the existence of a life estate in the whole of the land. Appellant elected not to plead further, and the case was dismissed. The appeal is from the judgment of dismissal.

Emil F. Krepcik is the owner of a life estate in the land. Appellant is the owner of a part of the land subject to the life estate. Appellees Joseph F. Krepcik, Anna M. Bloomenkamp, Emil E. Krepcik, Edward R. Krepcik, Louis W. Krepcik, Louisa C. Pavelka, Grace Ringenberg, and Violet Krepcik, are the owners of the balance of the land subject to the life estate.

Grace M. Krepcik was the owner of the land, and it was occupied by her and her husband, Emil F. Krepcik, as their homestead at the time of her death. The appellees, except Violet Krepcik, are their children. Calvin L. Krepcik was their son. He died after the death of his mother and left surviving him Violet Krepcik, his widow, and Emil F. Krepcik, his father, as his only heirs. Emil F. Krepcik conveyed to appellant all his interest in the land except his life estate.

The owner of the life estate has not objected to partition. He defaulted on October 18, 1949. The effect of this is he disregards the lawsuit and, so far as he is concerned, the allegations of the petition may be accepted as true, including the statement that he has a

life estate in all the land. Danbom v. Danbom, 132 Neb. 858, 273 N. W. 502. It is not claimed that there has been a waiver, release, or extinguishment of the life estate, or that the owner thereof has elected to have or permit partition of the land. If he had, the life estate or "homestead right of the survivor" would have terminated. § 40-117, R. S. Supp., 1949; Metzger v. Metzger, 108 Neb. 613, 188 N. W. 229.

Appellant and appellees are common owners in fee of a vested remainder in the land. Their estate is subject to the life estate of Emil F. Krepcik, an estate in possession in the whole of the land. The problem of this appeal may thus be stated: Can a remainderman in fee of an undivided interest in real property maintain a suit for partition thereof against the owners of the remaining undivided interest in remainder, the whole premises being subject to a life estate in another? Independently of statute, a suit in partition may not be maintained by one whose undivided estate is in remainder only. 40 Am. Jur., Partition, § 111, p. 95; 47 C. J., Partition, § 49, p. 289, § 175, p. 341; Freeman, Cotenancy & Partition, § 440, p. 534; 2 Tiffany, Real Property (3d ed.), § 475, p. 312. The case of appellant therefore must prevail, if at all, upon statutory authorization.

The legislation on the subject of partition is significant. The territorial laws provided that: "When the object of the action is to effect a partition of real property among several joint owners, the petition must describe the property and the respective interests of the several owners thereof, if known." Title 26, p. 538, R. S. 1866 (§ 802, Code of Civil Procedure). Nebraska became a state March 1, 1867, and the territorial laws became the laws of the state. Title 26, p. 538, R. S. 1866. The Legislature of Nebraska of 1871 amended this section as follows: "When the object of the action is to effect the partition of real property among several joint owners, the petition must describe the property, and

the respective interests and estates of the several owners thereof, if known. All tenants in common, or joint tenants of any estate in land, may be compelled to make or suffer partition of such estate or estates in the manner hereinafter prescribed." Laws 1871, § 1, p. 112. Section 802 of the original code has become section 25-2170, R. R. S. 1943, and it is the identical language of the amendment of 1871 except the words "several interests" have been substituted for "respective interests" in the first sentence, and the words "several joint owners" are used in place of "several owners" where they last appear in the first sentence.

The statute before the amendment of 1871 did not provide who was qualified to maintain an action for partition of real estate. The common law conferred this remedy upon joint tenants, tenants in common, owners of estates for life or years, and owners of estates in which some of the cotenants held for term of life or years and others held estates of inheritance. A prerequisite was an estate in possession, and none but parties having such estates were bound by the judgment, but the partition did not affect estates in remainder or contingency. Tenants of estates in remainder were not permitted to interfere with tenants in possession, but tenants in possession had power to compel partition confined to their particular estates but could do nothing towards effecting a severance of estates in remainder or reversion. It was the rule at common law and under the English statutes that estates of remainder or reversion could not be divided by proceedings for compulsory partition. Freeman, Cotenancy & Partition, § 439, p. 532, § 440, p. 534; 2 Tiffany, Real Property (3d ed.), § 476, p. 315. The common law applies in this state except as abrogated by statute or modified by decision of court. C. VII, § 1, p. 31, R. S. 1866; § 49-101, R. S. 1943; In re Estate of Lewis, 148 Neb. 592, 28 N. W. 2d 427.

It is presumed that the Legislature of 1871 knew the

limitations and conditions of partition as imposed by the common law, including the requirement of possession or right of possession, when it by the exercise of its powers changed the law by an amendment thereof. In this situation it provided in simple clear language that all tenants in common or joint tenants of any estate in land may be compelled to make or suffer partition of such estate. It did not resort to any words of technical meaning indicating quality or kind of an estate owned by tenants in common or joint tenants, such as an estate in land *held* by them or all tenants in common or joint tenants who *hold* any estate in land. The words "held" or "hold" when used in reference to interest entitling an owner to partition imply a tenant of a freehold and have been construed as denoting an estate of present possession. Smith v. Gaines, 39 N. J. Eq. 545; Allnatt on Partition, p. 53. The Legislature used only the words any estate in land. It has not been decided during the more than three quarters of a century since the amendment of this statute that ownership of a freehold estate was indispensable to a resort to the remedy of partition of real estate. This is conceded by counsel for the contending parties. It has been determined that "when there is an outstanding estate for life, vested in a third person, in the whole of the premises of which partition is sought, a remainderman cannot maintain an action in partition over the objection of the holder of the life estate." Weddingfeld v. Weddingfeld, 109 Neb. 729, 192 N. W. 227. See, also, Bartels v. Seefus, 132 Neb. 841, 273 N. W. 485. These cases presented an attempt to force partition of the whole of the real estate involved, including the life estate, against the objection and desire of the life tenant. Plaintiff in either case did not seek partition of a vested remainder owned in common by the plaintiff and others without disturbing the life estate. The court did not decide that the owner of a vested remainder cannot in a proper case maintain partition with the consent of the life

tenant or where the life tenant is a party to the case and makes no objection. The limitation in those cases is that a remainderman cannot partition the whole property when the owner of a life estate objects to his estate being disturbed. An important fact in this case is that the life tenant does not make objection to the remedy or any relief asked by appellant, and the record shows no reason for denying his right to resort to the remedy of partition or for denying the relief.

The partition statute requires that the petition allege the several interests and estates of the several owners of the property and if it is supposed there are any interests unknown, contingent, or doubtful, the facts in reference thereto shall be set out. All persons having any interest contingent or otherwise must be parties and the proceeds of the property so situated are subject to the order of the court until the right becomes vested. When the shares and interests are settled, judgment shall be rendered confirming them and making partition accordingly either in kind or by sale to prevent prejudice to the owners, and when jurisdiction of the parties in interest exists, the proceedings are conclusive upon all of them. § 25-2170 et seq., R. R. S. 1943. This is indicative of great change in the law of partition from what it was at common law. It is well discussed in Scoville v. Hilliard, 48 Ill. 453, in this language: "The petition in this case conforms to the statute, and the question very naturally arises, why should tenants for life be made parties to the petition, if their rights were not to be adjudicated by the court? We can perceive no reason for it, and the statute no where intimates that the petitioner claiming an interest in the premises, shall be entitled to the possession thereof, at the time he presents his petition for partition. It is sufficient if he discloses he has such an interest as specified in the statute—that he is a tenant in common, or joint tenant, or a coparcener, and what interest the defendant is supposed to have in the same, and it would seem,

though that interest may be a life estate, as in this case, the same is to be subject to the action of the court in the proceeding. * * * It is insisted by appellees, that inasmuch as the appellants do not show they were entitled to the possession of the premises, the proceeding cannot be sustained. Now, there is not a word in the statute requiring this should be shown."

Sections 9238, 9258, and 9261, Comp. St. 1922, are now respectively sections 25-2170, 25-2190, 25-2193, R. R. S. 1943. The court considered these in Weddingfeld v. Weddingfeld, *supra,* and said: "When these sections (§§ 9258 and 9261, C. S. 1922) are read in connection with 9238 they cannot be construed to confer upon the remainderman the right to force partition upon the holder of the life estate. Section 9261, upon which chief reliance is placed, does not authorize the court to ascertain the value of the life estate and pay it over to the holder of the life estate, but, on the other hand, it directs the court to have the entire fund created by the sale invested, 'and the proceeds to be paid to the incumbrancer during the existence of the incumbrance.' It is clear, we think, that the provisions of the last two mentioned sections are meant only to apply, first, to cases where there is an ordinary incumbrance, such as a mortgage; and, second, where there is an estate for life or for years and the holder of such estate voluntarily submits to the partition, but, having gone thus far, fails to agree with the other parties in interest upon the value of the life estate. In that event the court orders the investment of the entire amount realized from the sale."

It is argued that it would be unjust and injurious to the appellees to have a partition while the life estate exists. This is not convincing or controlling. It is conceivable that a present sale of the remainder might be more advantageous than a sale after the termination of the particular estate. A denial of partition might on the other hand be injurious and unjust to appellant. In Scoville v. Hilliard, *supra,* the court said: "It may be

very important to one holding such an estate with another holding the same kind of an estate, that their particular interests should be set off and allotted to them, or if not capable of being so done without prejudice, that such interests should be sold. An undivided interest in property is not so secure as a separate one, and every such proprietor desires to know certainly what he does own, and so long as the owner of the life estate is not affected by the proceeding, we see no reason why that interest should be an obstacle in the way of a partition between those owning the fee as reversioners." See, also, Heintz v. Wilhelm, 151 Minn. 195, 186 N. W. 305. A right of partition given by law is imperative and absolute and is not a matter of grace. Whether the result is injurious or beneficial is not a legal consideration. Windle v. Kelly, 135 Neb. 143, 280 N. W. 445.

It has been said, as it is contended in this case, that an important, if not the primary, purpose of partition was to avoid or relieve against the dissatisfaction and inconveniences of possession by more than one person of the identical thing. This is a disputed subject. 2 Tiffany, Real Property (3d ed.), § 476, p. 317, discusses it as follows: "In asserting the inability of one having undivided interest in remainder upon a life estate to demand a partition, it is occasionally said that one who has not an estate in possession cannot maintain the proceeding, for the reason that the purpose of the proceeding is to sever the possession. This, however, appears to be questionable. It has been decided in several cases that the existence of an outstanding estate for years, whether this is by reason of a lease by one cotenant to the other, or by reason of a lease to a stranger, does not affect the right to demand partition, and this accords with the common-law authorities. The purpose of the proceeding at common law appears to have been to obtain a division of the freehold, that is, of the seisin, for which reason an estate less than freehold was entirely disregarded, and the above decisions would suggest that such is still

the purpose of the proceedings, rather than the severance of the possession."

A discussion of partition of future interests in property in the Restatement of the Law makes reference to three classes of statutes, as follows: "Class 1 consists of those statutes under which the power to compel partition exists only in persons who own 'present interests,' and this phrase, for historical reasons, includes persons who have estates of freehold * * * subject to outstanding estates for years. * * * Class 2 consists * * * of statutes which empower a joint tenant or tenant in common in an unconditional and indefeasible future interest to compel partition of the future interest thus held in co-ownership, under some one or more of four defined and restricted sets of circumstances. * * * Class 3 consists of those statutes which, in general, empower any joint tenant or tenant in common in an unconditional and indefeasible future interest to compel partition of the future interest thus held in co-ownership. Under this variety of statute the power is much less qualified and restricted than under the varieties of statute grouped as Class 2." Restatement, Property, c. 11, pp. 656, 657. It is also said therein: "(1) When a future interest in land is owned in a joint tenancy or in a tenancy in common, then a concurrent owner in such future interest has power to compel partition thereof when the requirements of all the Clauses of Subsection (2) are satisfied. (2) The prerequisites for the existence of the power stated in Subsection (1) are the following: (a) the state wherein the affected land is located has a statute which, in specific words, confers the power to compel partition on a joint tenant or tenant in common in a 'reversion or remainder,' or in a 'vested remainder or reversion,' or in 'an interest or estate in land,' or which employs other language of like import; and (b) the joint tenant or tenant in common, in exercising such power, complies with all requirements specified by such statute as to matters other than the prerequisite variety of future interest; and (c)

the creator of the concurrently owned future interest has not manifested effectively an intent that no such power to compel partition be present * * *; and (d) the future interest of such joint tenant or tenant in common is a future estate in fee simple absolute not subject to a condition precedent." Restatement, Property, § 175, pp. 676, 677.

A statute of Illinois provides: "* * * when land, tenements or hereditaments are held in joint tenancy, tenancy in common or co-parcenary, * * * any one or more of the persons interested therein may compel a partition thereof * * *." Ill. Ann. St., § 1, c. 106, p. 610; Laws 1935, § 1, p. 1054. This statute is no more comprehensive than the Nebraska statute. There could hardly be less qualified or less restrictive language than that used in the statute of this state, "any estate in land." The Illinois statute has been construed to permit the owner of an undivided interest in a vested remainder, subject to a life estate in the whole of the premises, to demand partition. A case to this effect, often referred to, is Scoville v. Hilliard, *supra*. The petition in that case showed that appellants and appellees were the owners in fee by undivided interest in the premises and the whole thereof was subject to a life estate therein. A demurrer to the petition was sustained and the suit dismissed. The contention was that a remainderman in fee of an undivided interest in real estate could not maintain a suit for partition thereof against the owners of the remaining undivided interest in remainder, the whole premises being subject to a life estate in another. The court observed that there was not a word in the statute requiring a person demanding partition to show that he was entitled to the possession of the premises. It is said in that case: "A remainder-man, or reversioner in fee, of an undivided interest in property, may maintain a suit for partition, against the owner of the remaining undivided interest in remainder, the whole premises being subject to a life estate unexpired. * * * In order to maintain a suit for partition, our statute

does not require that the petitioner claiming an interest in the premises should be entitled to the possession thereof. It is enough, if he discloses such an interest as the statute specifies—that he is a tenant in common, or joint tenant, or a coparcener, and what interest the defendant is supposed to have in the same."

In Cummins v. Drake, 265 Ill. 111, 106 N. E. 456, the court said: "Appellant being the remainder-man of an undivided interest in this property is entitled to maintain a suit for partition against the owners of the remaining undivided interests in remainder, and this is true although the whole premises are subject to a life estate which is unexpired. (Scoville v. Hilliard, 48 Ill. 453; Drake v. Merkle, 153 Ill. 318.) Partition among remainder-men does not necessarily affect the estate of a life tenant, as the remainder, if not divisible, may be sold without the life estate and the proceeds divided, or, if the life tenant consents, the whole estate may be sold. (Drake v. Merkle, supra.)" See, also, Voellinger v. Kirchner, 314 Ill. 398, 145 N. E. 638; Wells v. Dalies, 318 Ill. 301, 149 N. E. 279; Thomas v. Stoakes, 328 Ill. 115, 159 N. E. 269; Gahan v. Golden, 330 Ill. 624, 162 N. E. 164; Tilton v. Tilton, 382 Ill. 426, 47 N. E. 2d 454.

The Minnesota statute provides: "When two or more persons are interested, as joint tenants or as tenants in common, in real property in which one or more of them have an estate of inheritance or for life or for years, an action may be brought by one or more of such persons against the others for a partition thereof according to the respective rights and interests of the parties interested therein, * * *." Minn. S. A., § 558.01, p. 124. In Heintz v. Wilhelm, *supra,* it was by the court concluded that: "Under our statute a cotenant in the remainder may compel partition, although the life tenant is in possession of the property. * * * Where there is an estate in severalty for life or years in the property to be partitioned, the partition, whether in kind or by sale, should be made subject to such estate, unless it be clearly shown that a

due regard for the interest of all parties requires that the precedent estate be included therein." It is further said therein: "At common law a cotenant could not compel a partition of the land, unless he was entitled to the present possession of it as a cotenant, and hence he could not enforce a partition where his estate was subject to a life estate, as the life tenant was entitled to possession. Our statute has changed this rule, * * *. If, in making a par-·tition, the land is to be sold and the proceeds divided, and there is an estate for life or for years in the whole or any part of it, the sale may be made subject to such estate, 'but if, in the judgment of the court, a due regard for the interest of all parties requires that such estate be sold, the sale may be so ordered.' G. S. 1913, § 8052. * * * Estates for life or years in severalty may be included in the sale under our statutes when a due regard for the interest of all parties requires it." See, also, Rekovsky v. Glisczinski, 170 Minn. 303, 212 N. W. 595.

This court in Oliver v. Lansing, 50 Neb. 828, 70 N. W. 369, said concerning the Illinois statute above referred to that it was held by the Illinois court that as the statute contained nothing requiring that the applicant should have an estate entitling him to be in possession, and as it clearly contemplated bringing before the court the owner of the life estate, it must be construed as authorizing a reversioner or remainderman to maintain a suit for partition against the owner of the remaining undivided interest in reversion or remainder, although the whole premises were subject to a life estate. The court made reference to Scoville v. Hilliard, *supra,* and Hilliard v. Scoville, 52 Ill. 449. It was also said therein that a like construction was given a similar statute in Minnesota. Cook v. Webb, 19 Minn. 167. This court then significantly observed that the conclusion reached by the courts of Illinois and Minnesota was "in each instance influenced by a statute much resembling our own * * *."

The statute of Missouri on this subject is to the effect that "where lands, tenements or hereditaments are held

in joint tenancy, tenancy in common or coparcenary, * * * any one or more of the parties interested therein, * * * to file a petition in the circuit court of the proper county asking for * * * partition * * *." § 7132, R. S. 1889.

In Hayes v. McReynolds, 144 Mo. 348, 46 S. W. 161, the court referred to this statute and said: "The statute quoted authorizes any one owning an interest in real property, though subject to a life estate, dower or curtesy, to prosecute an action to have his interest partitioned subject to such estate." See, also, Flournoy v. Kirkman, 270 Mo. 1, 192 S. W. 462; Reinders v. Kopplemann, 68 Mo. 482, 30 Am. R. 802.

The owner of a life estate in the whole of real estate sought to be partitioned may object to the partition of his estate and in that event the suit may not be maintained; or the owner of the particular estate may consent to the partition of the whole real estate; or if he does nothing in the case, the court may partition the real estate and the life tenant may claim a life estate in the proceeds, and if the interested parties cannot agree on the present value of the life estate, the court may order all of the proceeds of the sale invested and the income paid to the life tenant during his life.

The judgment is reversed and the cause remanded, with directions to the district court to overrule the demurrers to the petition.

REVERSED AND REMANDED WITH DIRECTIONS.

SIMMONS, C. J., dissenting.

I respectfully dissent.

I accept the statement of the majority that the parties here are common owners of a vested remainder in the land involved.

The majority hold that independent of statute a suit in partition may not be maintained by one whose undivided estate is in remainder only. It is also held that it was the rule at common law and under the English statutes that estates of remainder could not be divided

by proceedings for compulsory partition. I accept those two holdings. The reason is obvious. A remainderman does not have a right of possession.

The majority hold that when the Legislature in 1871 provided that all tenants in common, or joint tenants of any estate in land, may be compelled to make or suffer partition, it thereby eliminated the requirement that ownership of an estate in possession was a prerequisite to partition; that a remainderman may maintain a suit for partition against his co-owners in remainder; and that the plaintiff is not required to be in possession or have the right of possession in order to maintain partition. There we disagree.

The majority stress the use of the words "any estate in land," but give no particular attention to the preceding words "all tenants in common, or joint tenants of any estate in land." The words "any estate in land" are limited by the preceding words.

Possession is an essential element of tenancy in common or a joint tenancy. 2 Tiffany, Real Property (3d ed.), § 418, p. 196, § 426, p. 212; 62 C. J., Tenancy in Common, § 5, p. 410; 48 C. J. S., Joint Tenancy, § 1, p. 910. Unity of possession does not exist in the case of co-owners in remainder. 2 Tiffany, Real Property (3d ed.), § 418, note 5, p. 196. A majority of this court committed this jurisdiction to the principle of possession as an essential element in the creation of joint tenancies in Stuehm v. Mikulski, 139 Neb. 374, 297 N. W. 595, 137 A. L. R. 327. See, also, Anson v. Murphy, 149 Neb. 716, 32 N. W. 2d 271. A vested remainder is an estate which is deprived of the right of immediate possession. 2 Tiffany, Real Property (3d ed.), § 317, p. 15, § 319, p. 20; 33 Am. Jur., Life Estates, Remainders, etc., § 177, p. 643, § 219, p. 703; 31 C. J. S., Estates, § 85, p. 97. A joint tenant or a tenant in common has the right of immediate possession. It follows that when the Legislature gave the right of partition against tenants in

common or joint tenants, it did not include those holding vested remainders.

We need not speculate as to the intent and purpose of the Legislature in adopting the 1871 amendment. Reasonable explanations of the intent and purpose are to be found in the books. To determine that intent and purpose we must pursue two inquiries. The one involves an understanding of the rights of joint tenants and tenants in common in the dissolution of such an estate. The other involves an investigation of our constitutional and statutory history of partition and power of courts.

Section 49-101, R. S. 1943, provides: "So much of the common law of England as is applicable and not inconsistent with the Constitution of the United States, with the organic law of this state, or with any law passed or to be passed by the Legislature of this state, is adopted and declared to be law within the State of Nebraska."

This act has been on our statutes since territorial days. C. VII, § 1, R. S. 1866. In adopting this statute, Nebraska, so far as applicable, adopted the common law of England and not the statutory law of England. Farmers & Merchants Ins. Co. v. Jensen, 58 Neb. 522, 78 N. W. 1054, 44 L. R. A. 861; Brooks v. Kimball County, 127 Neb. 645, 256 N. W. 501.

At common law all joint tenants might agree to make partition of the lands, but one of them could not compel the others so to do. 1 Cooley's Blackstone (4th ed.), p. 585 (Book II, c. 12, p. 185). Likewise tenants in common were not compelled to make partition of their lands at common law. 1 Cooley's Blackstone (4th ed.), p. 591 (Book II, c. 12, p. 194).

By statute 31 Henry VIII, c. 1, enacted in 1539, and statute 32 Henry VIII, c. 32, enacted in 1540, joint tenants and tenants in common were compellable to make partition.

The language of statute 31 Henry VIII is: "* * * all joint tenants and tenants in common, that now be, or

hereafter shall be, of any estate or estates of inheritance in their own rights, or in the right of their wives, of any manors, lands, tenements or hereditaments * * * shall and may be *coacted* and *compelled,* by virtue of this present act, to make partition between them of all such manors, lands, tenements and hereditaments, as they now hold, or hereafter shall hold as joint tenants or tenants in common * * *." (Emphasis supplied.) 31 Henry VIII, c. 1.

The above statute applied to estates of inheritance.

By statute 32 Henry VIII, enacted in 1540, it was provided: "That all joint tenants and tenants in common, and every of them, which now hold, or hereafter shall hold, jointly or in common for term of life, year or years, or joint tenants or tenants in common, where one or some of them have or shall have estate or estates for term of life or years, with the other that have or shall have estate or estates of inheritance or freehold in any manors, lands, tenements or hereditaments, shall and may be *compellable* from henceforth, by writ of partition * * * to make severance and partition * * *." (Emphasis supplied.) 32 Henry VIII, c. 32. By this later act, joint tenants and tenants in common for life or years were compellable to make partition.

Our statute, section 25-2170, R. R. S. 1943, in simpler language, used the "compelled" of the English acts. The Legislature obviously intended to supplement the common law, as did the Parliament, and make partition compellable between tenants in common and joint tenants. Such was the purpose and effect of the amendment in England.

Lewis in his Blackstone, volume 1, page 655, states in the notes that joint tenants and tenants in common could never sue for partition till the right was conferred on them by statutes 31 and 32 Henry VIII, and these statutes restrict the right to such as are seised. Therefore, a remainderman cannot sue in partition until the

death of the life tenant, citing Stevens v. Enders, 13 N. J. Law Reports (1 Green) 271, 279.

But the majority say that the Legislature did not use the word "held" or any similar word denoting an estate of present possession. My answer to that is twofold. That condition is inherent in the language used. Likewise in all our decisions, hereinafter cited, we have recognized that present possession was an essential requirement to the right to maintain compulsory partition.

We have construed our statute in accord with the English acts.

In Oliver v. Lansing, 50 Neb. 828, 70 N. W. 369, we held: "Where a cause is fairly within the law authorizing a partition, the right to partition is imperative and absolutely binding upon courts of equity. In such a case the right of partition is a matter of right and not of mere grace." We followed that decision in Arthur v. Arthur, 115 Neb. 781, 215 N. W. 117, and Wilcox v. Halligan, 141 Neb. 643, 4 N. W. 2d 750. In Windle v. Kelly, 135 Neb. 143, 280 N. W. 445, dealing with the right of a guardian to maintain partition, we cited first the statutory provision, then Oliver v. Lansing, *supra.* The statute and our decisions are in accord.

I now turn to the statutory and constitutional situation that existed when the 1871 amendment was passed.

The organic law of the Territory provided for the vesting of the judicial power in a supreme court, district courts, probate courts, and in justices of the peace. It provided that the jurisdiction of probate courts and of justices of the peace "* * * shall be as limited by law: *Provided,* That justices of the peace shall not have jurisdiction of any matter in controversy when the title or boundaries of land may be in dispute * * *." Organic Law, § 9, p. 4, approved May 30, 1854.

The Legislature in 1855 provided that a judge of probate had jurisdiction of the probate of wills, the administration of the estates of deceased persons, and of

the guardianship of minors and insane persons. Laws 1855, Part II, § 37, p. 174. This was in effect continued in 1857. Laws 1857, Part 1, c. XXXV, § 3, p. 118. The same two Legislatures enacted the partition provision which is set out in the majority opinion. Laws 1855, Part 1, § 608, p. 114; Laws 1857, Part 1, c. XXXVI, § 1, p. 120.

The Territorial Legislature in 1858 adopted an act providing that in an action for the recovery of real property it shall be sufficient if plaintiff states that he has a real estate therein and is entitled to the possession thereof and that the defendant keeps him out of possession, and that in an action by a tenant in common of real property against a cotenant, the plaintiff must state, in addition to the above, that the defendant either denies the plaintiff's right or did some act amounting to such denial. Laws 1858, Title XVIII, c. I, §§ 566, 568, p. 205. Possession was thereby recognized as an essential element in the estates of tenancy in common. These provisions are now section 25-2124 and 25-2126, R. R. S. 1943. In the same act (c. III, § 585, p. 207), it was provided that partition under existing statutes might be made until the Legislature otherwise provided.

The Territorial Legislature of 1860 enacted a provision for the partition and distribution of estates. Laws 1860, c. II, p. 101. The first four sections appear to be the lineal ancestors of our present sections 30-1301 to 30-1304, R. R. S. 1943. Section 5 and following of the 1860 act provided that when an estate assigned to two or more heirs, devisees, or legatees "shall be in common and undivided," partition may be made by commissioners appointed "by the probate court" and there follows detailed procedural provisions. So that in 1860, the partition of such estates "in common and undivided" was placed in the jurisdiction of the "probate court." This act became a part of the statutes of Nebraska, chapter XIV, section 288, and following. R. S. 1866, p. 117.

The 1866 Constitution provided for a Supreme Court,

district courts, probate courts, justices of the peace, and other courts. Judiciary, § 1. It provided in section 4 that probate courts, justices of the peace, and other inferior courts shall not have the power to order or decree the sale or partition of real estate.

In 1870, the Legislature provided that probate courts should not have jurisdiction to order or decree the sale or partition of real estate. Laws 1870-1871, § 1, p. 7. This act was approved February 28, 1870, and was enacted at a session of the Legislature that began February 17, 1870. One year later, at a session of the Legislature that began January 5, 1871, in an act approved March 3, 1871, the Legislature amended section 802 of the then code to provide that "All tenants in common, or joint tenants of any estate in land, may be compelled to make or suffer partition of such estate or estates in the manner hereinafter prescribed." Laws 1870-1871, p. 112.

By this somewhat involved process the Legislature changed the jurisdiction to partition estates held in common or as joint tenants from the probate courts to the district courts. It thereby complied with the constitutional limitation on the jurisdiction of probate courts. It made partition between tenants in common and joint tenants a compellable right.

This is further illustrated by the later history of the act of 1860.

The Legislature amended it in 1873 to provide for the appointment of the partition commissioners "by the district court" and by the use of the words "district court" in several places instead of "probate court" apparently attempted to make the act conform to the constitutional requirement. C. 17, G. S. 1873, p. 334 et seq. So at that time we had a general and a special act dealing with partition. The 1881 Legislature solved that difficulty by repealing the special provisions and providing that "When such estate shall consist in part of real estate, and shall descend to two or more heirs, dev-

isees or legatees, and the respective shares shall not be separate and distinguished, partition thereof may be made as provided by law." Laws 1881, c. 50, § 1, p. 234. This provision is now section 30-1305, R. R. S. 1943.

The Legislature then, in 1873, completed the transfer of partition jurisdiction in some cases from the probate courts to the district court. In 1881, it removed the special procedure provision. We then had, as we have now, one partition proceeding of general application.

This history brings the statutory changes down to within five years of our first decision construing and applying this statute. Hurste v. Hotaling, 20 Neb. 178, 29 N. W. 299, decided in 1886. It then was current history. If the Legislature of 1871 had intended to make a change in the basic requirements of the law as to possession, it may be assumed that the lawyers of that time would have had knowledge of it. Yet, no indication of such a knowledge appears in the briefs or in the decision. The writer of the opinion became a member of this court in 1873. The attorneys involved are shown to have been members of this bar in 1883. 14 Neb. iii. The date of their admission is not shown. However, Mr. Davidson is shown to have begun the practice in this state in 1872. History of Nebraska 1882, p. 1012. Judge Appelget began the practice at Tecumseh in 1870. History of Johnson and Pawnee Counties, 1889, p. 164.

We had this statute before us in the Hurste case. Our opinion was rendered 15 years after the 1871 act was passed. We there discussed this statute and said: "The controlling principle in partition, therefore, without regard to the extent or quantity of the interest, is that the parties shall be joint tenants or tenants in common of an estate in the land. Subsequent sections of the statute permit, if they do not require, other persons having particular, qualified, or reversionary interests, such as a tenant for years, in dower, or persons having liens on the land, to be brought in, in order that

their rights may be determined in the action. *Only joint tenants or tenants in common of an estate in the land, however, can institute the proceedings.*

"In Woods v. Clute, 1 Sandf. Ch., 201, the court, in speaking of tenants for years, by the courtesy or in dower, persons· entitled in reversion *or remainder,* and creditors having liens, says: 'These may be made parties to the partition, *but there· appears ·to be no authority for their instituting it, unless they are also tenants in common in possession.'* " (Emphasis supplied.) We approved this holding in Barr v. Lamaster, 48 Neb. 114, 66 N. W. 1110, 32 L.· R. A. ·451.

In Seymour v. Ricketts, 21 Neb. 240, 31 N. W. 781, in an opinion by the judge who wrote Hurste v. Hotaling, *supra,* we held: "A party out of possession of real estate, whose title is denied, cannot maintain an action of partition against one in possession claiming the title to said land. He must first establish his estate in the land." We followed this decision in McMurtry v. Keifner, 36 Neb. 522, 54 N. W. 844. We construed that opinion in Bell v. Dingwell, 91 Neb. 699, 136 N. W. 1128, and said "we held" there that partition could not be had until petitioners "had first obtained possession."

In Oliver v. Lansing, *supra,* we held: "Where real property leased for a term of years is owned by several persons as tenants in common, *both of the rents and the reversion,* partition upon the petition of one of the tenants in common·may be had, and, in case of a sale being thereby rendered necessary, the lessee will become a tenant of the purchaser of the rents and reversion." (Emphasis supplied.)

The majority cite this case for a reference made therein to an analysis made by the Supreme Court of Illinois as to the statute of that state and get comfort from the fact that we said the statutes of Minnesota and Illinois much resembled·our own.. An analysis of the facts and issues of that case and the decision reached on the cited

authorities negatives the conclusion reached by the majority in this case.

In Oliver v. Lansing, *supra*, the briefs reveal it was contended by the appellants that "A tenant in common of a reversion in land expectant on a lease for years cannot maintain a suit for partition." It was contended by the appellee that "A joint tenant of leased lands, *both of the rents and of the reversion*, may maintain partition." (Emphasis supplied.) The lawyers involved in that case were not novices at the bar, but rather were then and had been leaders of the bar in this state. It is significant that the appellants did not cite section 802 of the code, now section 25-2170, R. R. S. 1943. Appellee quotes the code but makes no further reference to it. The reason is plain.

The appellee contended that "* * * Lansing and Oliver are tenants at the present time not only of the fee or reversion, but of all the present rents and incomes." It was the appellee's contention that Oliver and Lansing had a present possession through the rents and income, and that where that situation existed, partition could be compelled under the statute. We sustained that contention. We did not hold that a present possession was not necessary.

We cited Woodworth v. Campbell, 5 Paige Ch. (N. Y.) 518, wherein it was held that as the parties had a present interest in the rents as tenants in common and also were the owners of the reversion, they had a present partable interest in the premises and partition could be had. This case appears to be the basic case relied on in the other decisions cited by appellee. We also quoted from Freeman, Cotenancy & Partition, § 446, p. 544, that "* * * no person has the right to demand any Court to enforce a compulsory partition unless he has an estate in possession —one by virtue of which he is entitled to enjoy the present rents or the possession of the property as one of the cotenants thereof." The next three sentences in Freeman (following our quote in the Oliver case) are:

"Therefore, the grantee of a deed in which the grantor reserves the right to remain in possession during his natural life, cannot maintain a suit for a compulsory partition. So it was held that a tenant in common of lands whose moiety was held by a tenant under a lease had no right to demand partition, although the applicant was tenant in common of the rents as well as of the reversion. But probably the weight of the authorities is the other way, and in favor of the rule that; notwithstanding a lease for years, a cotenant *both of the rents and of the reversion* may call for a partition." (Emphasis supplied.) We followed the majority rule that a cotenant of both the rents and reversion could compel partition. We did not hold that a cotenant of a remainder could do so. In fact we negatived that holding. The authority relied upon (Freeman) in the sentence preceding our quote in the Oliver case states: "Thus a remainderman might be brought before the Court, in certain cases, and compelled to execute a conveyance for the purpose of carrying out a decree of partition; *but in no case could he institute proceedings to enforce compulsory partition.*" (Emphasis supplied.) Freeman, Cotenancy & Partition, § 446, p. 544.

Oliver v. Lansing, *supra,* is cited in the annotation, 151 A. L. R. 389, as authority for the proposition that "The requirement that those to whom partition is made shall have possession, or the right to possession, is satisfied by holding that the possession of the lessee inures to their benefit." So the Oliver case, when analyzed, does not sustain the position of the majority and is in harmony with our decisions that possession or the right to present possession is required. It is significant that in the briefs in the Oliver case our Nebraska decisions herein quoted are not even mentioned. The cause was submitted and decided upon the rule stated in the syllabus quoted herein, which of itself recognized the requirement of possession. It is likewise significant that neither in the briefs nor in the opinion is there any indication

that we were modifying or overruling our own prior decisions, or that we were adopting constructions of other statutes by the courts of other states contrary to the construction we had theretofore put upon our own statute.

We held in Phillips v. Dorris, 56 Neb. 293, 76 N. W. 555, that only a joint tenant or a tenant in common of real estate can maintain an action for its partition. This was followed in Heiser v. Brehm, 117 Neb. 472, 221 N. W. 97. An examination of the brief of appellee in Phillips v. Dorris, *supra*, reveals that the appellee urged upon this court that the statute here involved did "not provide that the party seeking partition shall be in possession" and that "the issue of possession cannot be used to defeat the right to partition." In the opinion we said: "The object of a partition suit is to assign property, the fee simple title to which is held by two or more persons as tenants, or joint tenants in common, to them in severalty." This was followed in Hoover v. Haller, 146 Neb. 697, 21 N. W. 2d 450, and Trowbridge v. Donner, 152 Neb. 206, 40 N. W. 2d 655.

In Wicker v. Moore, 79 Neb. 755, 113 N. W. 148, we pointed out that it was the general rule that one must be entitled to the present possession of his share in severalty, and that the rule was different in New York and Illinois, and had been changed by statute in New Jersey. In the body of the opinion in Mathews v. Glockel, 82 Neb. 207, 117 N. W. 404, 18 L. R. A. N. S. 1208, we cited this case as authority for "It is the general rule that the present right of possession is a prerequisite to the right to maintain partition." We accordingly there refused to follow the Illinois rule which the majority now adopt. The Mathews decision came 11 years after Oliver v. Lansing, *supra*, was decided which contains the reference to the Illinois statute upon which the majority rely.

In Mathews v. Glockel, *supra*, the syllabus is: "An action by a tenant in common to have his undivided share set apart to him is in effect an action in partition,

and may not be maintained unless the tenant in common *is entitled to the present possession of such share."* (Emphasis supplied.)

In Riley v. Whittier, 100 Neb. 107, 158 N. W. 446, we had a case involving personal property where the relationship was "one of a common ownership * * * each party having a right of possession of the whole." We there held: "A court of equity has jurisdiction to decree partition or, if necessary, a sale of personal property owned in unequal shares by two parties each of whom *has a right of possession."* (Emphasis supplied.)

In Nitz v. Widman, 106 Neb. 736, 184 N. W. 172, we said: "The general rule now is that every cotenant may demand partition as a matter of right, however inconvenient or injurious it may be to make it, or whether the title of the parties be legal or equitable, *if there is a present right of possession."* (Emphasis supplied.) We there held that the plaintiff, as a tenant in common with the defendant and having a right to immediate possession, had a right to maintain the action.

The majority distinguish Weddingfeld v. Weddingfeld, 109 Neb. 729, 192 N. W. 227. Accordingly, I discuss it more in detail. We there quoted: " 'The general rule which prevails with few exceptions unless it has been changed by statute is that a joint tenant or tenant in common will not be permitted to maintain a suit for partition *unless he has an estate in possession,* namely, such an estate as entitles him to enjoy the present possession of the property and receive the rents and profits thereof as one of the joint tenants or cotenants thereof.' " We said: "It will be seen that an essential element requisite to the maintenance of the action is the possession, actual or constructive, or the immediate right to such possession of the lands sought to be partitioned. The proceeding operates upon the possession and enables each of the owners to take and enjoy his share of the common or joint estate." We cited the statute here involved and held: "Counsel point out that, in this

section, 'nothing whatever is said about possession or the right of possession.' And they argue that because of the absence of a reference to possession or the right of possession the legislature intended to say that partition might be had 'although the parties seeking the relief had neither the possession nor the right thereto. *A reading of the statute, however, discloses that it provides for partition only among 'tenants in common or joint tenants.'* " (Emphasis supplied.)

In Weddingfeld v. Weddingfeld, *supra,* the briefs show that the attorneys for appellant urged with reference to this statute that "The court will observe from a reading of this statute that all tenants in common or joint tenants of any estate in land may be compelled to suffer partition thereof. Nothing whatever is said about possession or the right of possession." "However, if the court would not want to go so far as to disturb the life tenant in his possession, we can conceive of no reason why the fee title could not be partitioned among the owners without disturbing the previous estate * * *" and urged that the petition stated a cause of action in partition as between the plaintiff and two of the defendants as joint owners of the remainder, and that the court erred in dismissing the petition as to the two remainderman defendants.

The appellee urged that "nothing is said in this statute about 'possession,' because the very description of the parties entitled to bring, or compelled to suffer, partition necessarily contemplates possession, or the right to present possession, and forecloses the idea of possession in another; and if possession, by virtue of a vested freehold estate, be found to be in another, then they are not joint owners with such other, and are not entitled to maintain the suit."

With reference to the power of a court to award partition between remaindermen, without disturbing the previous particular estate and in answer to appellant's contention, the appellee cited the specific rule quoted

in the second paragraph of our opinion, which requires an estate in possession. We adopted the rule. However, we did not specifically base the decision as to this matter on that rule but rather on the failure to show service on or an appearance of the defendant remaindermen. I do not discuss Bartels v. Seefus, 132 Neb. 841, 273 N. W. 485, for it merely follows the Weddingfeld decision.

As I see it, we have a legislative and constitutional history that negatives the conclusion of the majority as to the intent and purpose of the Legislature in adopting the 1871 amendment.

We have the above-quoted decisions. The precise question here presented does not seem to have been directly decided. No matter whether these quotes are called statements, dicta, or holdings, the fact remains that there entered into all the above decisions the premise that an essential element to the right of maintenance of the action of partition under our statute is possession or the immediate right to possession of the lands sought to be partitioned. Almost 80 years have passed since the statute was adopted. We began construing it as above indicated 65 years ago. We have repeatedly and consistently followed that construction since. At least on two occasions we have been urged to accept the construction now made. We heretofore have not done so. On at least one occasion (Wicker v. Moore, *supra*) we refused to follow the Illinois and New York decisions.

I point out but do not speculate on the effect that this opinion may have in making it possible for one co-owner in remainder to force the termination of a remainder estate held in common by two or more. If that result is to be had it should follow from a clear legislative act.

I would follow the law as we have stated it to be. I would let this question stand decided. I would follow the practice long followed by this court and sustain the construction of the statute that we have heretofore repeatedly made until changed prospectively by the

Legislature if that law-making body sees fit to do so. See Mosher v. Huwaldt, 86 Neb. 686, 126 N. W. 143. We have approved this statement: " 'The doctrine of stare decisis applies with full force to decisions construing statutes, especially where they have been long acquiesced in.' " Patterson v. Kerr, 127 Neb. 73, 254 N. W. 704.

The majority place great reliance upon section 25-2193, R. R. S. 1943. That statute presents no difficulty when properly analyzed. It deals not with the right to maintain partition, but with the distribution of the proceeds after the action has proceeded to a sale of the property.

Freeman, Cotenancy & Partition, section 549, page 662, states: "The parties before the Court whose title has been divested by the sale may have a vast variety of interests. Some of them may be in possession of estates for life or for years; others may have estates in reversion or remainder; and still others may have mere contingent interests. Upon each of these interests, other claims and liens may have attached." It is the court's problem then to protect all those rights in its decree of distribution.

That such a situation can exist in this state is certain. We have held that "The owner of a life estate in a portion of a larger tract of land may maintain partition proceedings against a cotenant holding a fee-simple title." Nitz v. Widman, *supra*. See Annotations, 12 A. L. R. 644, 134 A. L. R. 662. Under those circumstances the court in its decree of distribution would be compelled to protect the rights, in the proceeds, of the owner of the life estate, the owner of the remainder, and the cotenant in fee.

The statute applies to situations of the character above described by Freeman and illustrated by Nitz v. Widman. The statute is: "If an estate for life or years be found to exist as an *encumbrance* upon *any part* of said property, and if the parties cannot agree upon the sum in gross which they will consider an equivalent for such estate, the court shall direct the avails of the *encumbered*

property to be invested, and the proceeds to be paid to the encumbrancer during the existence of the *encumbrance.*" (Emphasis supplied.) § 25-2193, R. R. S. 1943. The statute makes it possible for the cotenant in fee to get his share in cash presently, for the cotenant for life or years to get his share which is the value of the use, and for the remainderman to be protected and to get his share after the termination of the "existence of the encumbrance."

This matter is discussed in Restatement, Property, section 126e, page 401: "When the owner of an estate for life secures partition in accordance with the rule stated in this Section, and the partition is effected by a judicially ordered sale of the whole, or of a part, of the interests in the land which is concurrently owned (see § 125, Comment d), such owner is entitled to the use for his life of that portion of the proceeds which represents the undivided share in which the estate for life existed. To whatever extent a state, by statute, has conferred upon the owner of the estate for life a power to obtain a lump sum, as the commuted value of such use for his life, to that extent the power described in this Section has been amplified. To whatever extent a state, by statute, has conferred upon the owner of the future interest limited to take effect in possession after the estate for life, a power to compel the owner of the estate for life to accept a lump sum, as the commuted value of such use for his life, to that extent the power described in this Section has been modified. In the absence of statute making some other provision the 'use for his life' of that portion of the proceeds which represents the undivided share in which the estate for life existed consists in the receipt by the owner of the estate for life of the interest earned by such proceeds, periodically during the continuance of the life which measured such estate." See, also, 47 C. J., Partition, § 851, p. 583; 40 Am. Jur., Partition, § 91, p. 81.

The majority quote from Weddingfeld v. Weddingfeld,

*supra,* that where the parties fail to agree upon the value of the life estate "* * * the court orders the investment of the entire amount realized from the sale," and from that it is argued that it was a life estate in the whole of the property that was within the legislative intent.

To that there are two answers. The statute does not direct the investment of the entire amount received from the sale. The statute directs the investment of the "avails of the encumbered property." And what is the "encumbered property"? It is that "part" of the property upon which there exists "an encumbrance" of an estate for life or years. When read in the light of the statute and the preceding language in the Weddingfeld opinion, it is clear that there, in using the term "entire amount realized from the sale," we referred only to the amount received from the sale of the encumbered part, not all the property.

If the Legislature used this language to mean a direction to invest "the entire amount received from the sale" and not the amount received from the sale of the "encumbered" part and intended to provide for a situation where there was a life estate in the whole of the property, then the language of the act must be construed so as to make "any part" of the property mean "all" the property, and the word "encumbered" be stricken from the act. We do not have the power to so amend and delete the legislative act. Not only that, but that construction leaves the court without legislative direction as to what to do in the event of a sale where the owner of a life estate in a portion of a larger tract partitions against or is partitioned against by a cotenant holding a fee simple title. In that event, must the proceeds of that part of the land held in fee be invested and the owner denied the right, that follows from his fee title, to possession of the entire share that represents his fee title? The majority so construe the statute and the legislative act. If the statute means that, then must the "proceeds" of the investment be paid to the life estate owner even though he admit-

tedly has an interest in only a part of the investment and proceeds? Such would seem to be the result of the conclusion of the majority flowing from the effort to make a statute of distribution into a grant of power to maintain an action.

The majority rely upon the discussion of this subject in Restatement, and rely upon class 3 and the statement in the notes that Nebraska is one of five states whose statutes "probably" come within class 3. The weight to be given the "probably" is illustrated by the statutes of two of the states cited. Section 27-1301, Arizona Code 1939, provides in general language that "The owner or claimant of any real property or of any interest therein, may compel a partition thereof between him and other owners, * * *." The New Mexico act, section 25-1201, New Mexico Ann. Stat., 1941, contains the specific words, "whether they be in possession or not." No further comment seems necessary.

One further matter requires attention. This matter comes here on appeal from an order of the trial court sustaining special demurrers to plaintiff's petition for the reasons that it appears on the face of the petition that the plaintiff is not in possession or entitled to the possession of the real estate; that plaintiff's interest is subject to a life estate; and that partition may not be maintained. The transcript shows personal service of summons on the life tenant. No appearance is shown nor is a default shown to have been entered.

Implicit in the majority decision is the fact that material consideration is given to the failure of the life tenant to object and that because thereof a right arises in the plaintiff to maintain partition subsequent to the filing of the petition and independent of any facts alleged in the petition.

We have held that " 'As a general rule, only the pleading demurred to may be considered in passing on the demurrer. The court must assume that the facts are as alleged, and cannot assume the existence of any facts not

alleged, nor find facts in aid of the pleading, nor hear evidence on the questions involved, nor consider what evidence may be introduced at the trial.' * * *  Courts cannot consider extrinsic facts admitted by the parties or counsel, nor an agreed statement of facts, nor can matters within the personal knowledge of the court be considered."  Griffin v. Gass, 133 Neb. 56, 274 N. W. 193.

We have also held that on demurrer other records in the proceedings which are not a part of the petition or demurrer are not before the court until some issue of fact or law is properly raised requiring an investigation thereof.  In re Estate of Statz, 144 Neb. 154, 12 N. W. 2d 829.

We have also held that "The rule that a demurrer searches the entire record applies only when a demurrer is filed to a pleading subsequent to the petition."  "We think the rule is clear that the court will not ordinarily go beyond the pleading questioned in determining whether a cause of action is stated.  If the transcript on appeal, or previously filed petitions, contains statements tending to support defendant's position, they may be introduced as evidence on the trial, but they may not be considered in determining whether a cause of action has been stated in the amended petition on which the plaintiff elected to stand."  In re Estate of McCleneghan, 145 Neb. 707, 17 N. W. 2d 923.

Here the majority decision goes not to any pleading but to a failure of a defendant to plead to find a fact reason on which to hold that a petition states a cause of action.  In my judgment they err in so doing.

I am authorized to say that CHAPPELL and WENKE, JJ., concur in this dissent.

CARTER, J., concurring.

I submit that the dissent is not tenable.  The question for decision in this case, concisely stated, is:  Can the owner of a vested estate in remainder maintain a suit in partition against his remaining co-owners, where there is an outstanding estate for life vested in a third

person in the whole of the premises for which partition is sought and the life tenant does not object to the partition and defaults when suit is brought for that purpose?

Under the common law the answer would be simple for the reason that possession or the right to possession was a necessary element of the right to partition. The Legislature of this state, however, has enacted statutes in derogation of the common law dealing with the partition of real property of joint owners. Consequently we must look to the statutes of this state as they have been construed by the courts in solving the question before us.

The precise question before us has not been previously decided by this court. The closest approach to it will be found in Weddingfeld v. Weddingfeld, 109 Neb. 729, 192 N. W. 227, and Bartels v. Seefus, 132 Neb. 841, 273 N. W. 485. In each of those cases it was held that where there is an estate for life vested in a third person in the whole of the premises of which partition is sought, a remainderman cannot maintain an action in partition "over the objection of the holder of the life estate." The fact that the court deemed it necessary to insert the limitation "over the objection of the holder of the life estate" makes it clear that where the life tenant did not object the court was of the opinion that a partition action could be maintained. Unless this conclusion is valid I can see no reason for incorporating the limitation in the stated rule.

The proper solution of the problem must rest upon the correct interpretation of sections 25-2170, 25-2190, and 25-2193, R. R. S. 1943. The effect of these three sections was considered in Weddingfeld v. Weddingfeld, *supra,* which opinion, in my judgment, points out the result at which we should arrive in the case before us. In that opinion it was said, unqualifiedly, as follows: "It will be seen that an essential element requisite to the maintenance of the action is the possession, actual

or constructive, or the immediate right to such possession of the lands sought to be partitioned." After making the foregoing statement, the court went on to say: "However, it is argued by plaintiff's attorneys that this action may be maintained by virtue of the provision of section 9238, Comp. St. 1922, which provides:

" 'When the object of the action is to effect the partition of real property among several joint owners, the petition must describe the property, and the several interests and estates of the several joint owners thereof, if known. All tenants in common, or joint tenants of any estate in land may be compelled to make or suffer partition of such estate or estates in the manner hereinafter prescribed.'

"Counsel point out that, in this section, 'nothing whatever is said about possession or the right of possession.' And they argue that because of the absence of a reference to possession or the right of possession the legislature intended to say that partition might be had although the parties seeking the relief had neither the possession nor the right thereto. A reading of the statute, however, discloses that it provides for partition only among 'tenants in common or joint tenants.' Before it can be invoked to compel the holder of the life estate to submit to partition, a court must first hold that the holder of the life estate and the remaindermen are 'tenants in common or joint tenants.' It is plain that plaintiff and her two minor children whom she has made defendants are tenants in common or joint tenants in remainder, but they are not tenants in common or joint tenants with the holder of the life estate. She holds her interest in severalty. As to her it is not necessary that the statute make reference to possession, or the lack of possession, because she does not fall within its terms."

It will be observed that the court uses the expression "tenants in common or joint tenants in remainder" and indicates that partition would be proper between them, but points out and bases its decision upon the fact that

the life tenant was not a joint tenant or tenant in common with the remaindermen. If this were not true, the court could have disposed of the matter by simply stating that possession or the right to possession was an essential element of a joint tenancy or tenancy in common and that the action could not be maintained for that reason.

The court in the Weddingfeld case then said: "But counsel point to two succeeding sections of the statute, namely, 9258, Comp. St. 1922, which provides for the payment of incumbrances, if any are found to exist, and section 9261, which provides:

"'If an estate for life or years be found to exist as an incumbrance upon any part of said property, and if the parties cannot agree upon the sum in gross which they will consider an equivalent for such estate, the court shall direct the avails of the incumbered property to be invested, and the proceeds to be paid to the incumbrancer during the existence of the incumbrance.'

"When these sections are read in connection with 9238 they cannot be construed to confer upon the remainderman the right to force partition upon the holder of the life estate. Section 9261, upon which chief reliance is placed, does not authorize the court to ascertain the value of the life estate and pay it over to the holder of the life estate, but, on the other hand, it directs the court to have the entire fund created by the sale invested, 'and the proceeds to be paid to the incumbrancer during the existence of the incumbrance.' It is clear, we think, that the provisions of the last two mentioned sections are meant only to apply, first, to cases where there is an ordinary incumbrance, such as a mortgage; and, second, where there is an estate for life or for years and the holder of such estate voluntarily submits to the partition, but, having gone thus far, fails to agree with the other parties in interest upon the value of the life estate. In that event the court orders the

investment of the entire amount realized from the sale." The sections referred to are now sections 25-2190 and 25-2193, R. R. S. 1943. If partition cannot be maintained at all where there is an outstanding life estate in a third person in the whole of the premises, the very basis of the dissenting opinion, no reason exists for any reference to a life estate in section 25-2193. It might be argued that it applies only where there is a life estate in a part of the property. The same reasoning that would deny partition to all of the property would certainly apply to a part and the absence of the right of possession of the part would bar a partition proceeding as to it. Even more significant is the statement in the Weddingfeld case as to what happens where the holder of a life estate voluntarily submits to the partition but fails to agree with the other parties in interest upon the value of the life estate. It there states: "In that event the court orders the investment of the entire amount realized from the sale." This refers to something more than a life estate in a part of the property. The direction that the court shall invest the whole amount derived from the sale clearly indicates that it was a life estate in the whole of the property that was within the legislative intent. During the life of the life tenant the income from the investment is paid to the life tenant, and at the death of the life tenant the proceeds of the sale are divided among the remaindermen.

This poses the question as to how the two statements in the Weddingfeld case can be reconciled—the one that possession is an essential requisite to the maintenance of the partition suit and the other that the property can be sold and the entire amount realized from the sale invested. There can be only one answer. Possession is an essential element to the maintenance of a partition action. If the life tenant does not object to the maintenance of the proceedings, or if he defaults after service of process in such proceedings, the "tenants in common or joint tenants in remainder," to use the words of the

Weddingfeld case, become entitled to the possession for the purposes of the partition action.

It is true as pointed out in the dissenting opinion that possession is generally deemed to be an essential element to the existence of a joint tenancy or a tenancy in common. The language contained in section 25-2170, R. R. S. 1943, in relation thereto is followed and qualified by the words "of any estate in land" and comprehends what the Weddingfeld case called "tenants in common or joint tenants in remainder."

In further support of this position I point out that Restatement, Property, c. 11, pp. 656, 657, classifies the various state statutes on partition into three classes. The third class includes those statutes which authorize "any joint tenant or tenant in common in an unconditional and indefeasible future interest" to compel partition of a future interest thus held in co-ownership. In the 1948 Supplement to Restatement, p. 427, the Nebraska statute is cited as one probably falling within class 3, as the majority opinion holds.

In summarizing, it is my view that possession or the right to possession is necessary to the maintenance but not to the commencement of a partition action. Where a "tenant in common or joint tenant in remainder" commences a partition suit without having the possession or right to possession of the property, and the life tenant defaults or fails to object, the "tenants in common or joint tenants in remainder" thereupon are constructively in possession for the purposes of the action. The possession thus attained becomes as effective for the purposes of the action as if it had existed when the action was commenced.

This construction is amply supported by our statutes on the subject and is consistent with the previous decisions of this court. It makes unnecessary a more specific discussion of the meaning of the words "all tenants in common, or joint tenants of any estate in land" contained in section 25-2170, R. R. S. 1943.

In the case at bar the life tenant did not object to the partition. He defaulted in the action. For the purposes of the suit the "tenants in common or joint tenants in remainder" thereupon became constructively entitled to the possession. But, unless agreement is reached as to the value of the life estate, the entire proceeds of the sale must be invested and the income from the investment paid to the life tenant. The intent of the statute must be followed.

I therefore concur with the majority opinion and agree that the judgment should be reversed with directions to overrule the demurrers to the petition.